(January 25, 1886.)

## PEOPLE v. O'CALLAGHAN.

[9 Pac. 414.]

Homicide—Statutory Definition of Murder.—The statutory definition of murder of the first degree is a distinct and substantive definition, and excludes therefrom certain homicides which would be murder at common law.

Indictment—Language of Statute.—An indictment for murder in the first degree must be substantially in the language of the statute defining that degree of the offense.

Same—Common Law.—An indictment for murder which would be sufficient at common law is not necessarily so for murder of the first degree under the statute.

Same—Criminal Pleadings—Practice.—The indictment for murder need not name the degree, but must show by a statement of facts substantially in the language of the statute the highest grade of the offense for which the party charged is to be tried, and then a conviction may be had for any lower degree included therein.

Indictment—Sufficiency of—Questioning on Appeal.—The indictment must support the judgment, and this question may be raised for the first time in the supreme court.

Same—Verdict—Modified Verdict—Presumption on Appeal.—Where the indictment sufficiently charges murder in the second degree, and the verdict is "guilty of murder of the first degree as charged," and there is no claim that the verdict is not supported by the evidence, and no other error appearing, the supreme court may treat such verdict as a verdict for murder in the second degree and modify the judgment of the court below accordingly.

(Syllabus by the court.)

APPEAL from District Court, Bingham County. Judgment modified and affirmed.

Smith & Wright, for Appellant.

D. P. B. Pride, Attorney General, and H. M. Bennett, for the People.

No briefs found on file.

BRODERICK, J.—The defendant was indicted, tried, and convicted of murder in the first degree, and sentenced to be

executed. From this judgment he appeals, and assigns as error that the indictment is not sufficient to support the verdict and judgment. The indictment charges substantially that the defendant feloniously, willfully, and of his malice aforethought did make an assault on Thomas Breen; that the defendant feloniously, willfully, and of his malice aforethought shot and wounded said Breen, and from the effects of the wound he died.

This is the modern common-law form for charging murder, and the first question for consideration is whether, under our statutes, the omission to charge the offense substantially in the language of the statute defining murder in the first degree is fatal to the judgment. The first definition of murder by our statute is as follows: "Murder is the unlawful killing of a human being with malice aforethought, either express or implied." This is a general description, and embraces all murder known to our law, whether of the first or second degree. Following this provision is a definition of express and implied malice, and then a more particular definition of murder in the first degree, which reads: "All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree; and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree."

It will be observed that the indictment does not charge that the killing was done with deliberation and premeditation. We have been referred to many respectable authorities which hold that the common-law indictment for murder sufficiently charges murder in either degree, but the adjudications upon this question are by no means uniform. It has been considered in some cases that the expression, "with malice aforethought," is synonymous with "deliberation and premeditation." In *People v. Ah Choy*, 1 Idaho, 317, our court seems to have adopted this view; but it is difficult to understand from this case what the indictment really contained. However, it was assumed in this,

and one other case we find, that such an indictment sufficiently charges murder in the first degree; and we doubt not that prosecuting officers in drawing indictments have generally followed the practice thus sanctioned. If these adjudications, unsatisfactory as they are, had been made in civil actions, fixing and establishing rules of property, and property rights had accrued under them, we would hesitate to open the question; but in the case we are considering, and in the class to which the rule would apply, we take it there are no claims to vested rights which anyone will care to assert. It is a well-established principle of criminal pleading that the substantive facts necessary to constitute the offense charged must appear in the indictment with sufficient certainty to enable the party to defend against the charge and the court to pronounce judgment. Indeed, it is fundamental that the party shall be informed by the indictment of the "nature and cause of the accusation." This indictment contains no averment that the killing was perpetrated by means of poison, or lying in wait, or by torture, or in an attempt to commit any of the felonies specified in the statute quoted. It is admitted that the claim to convict for murder in the first degree was based upon evidence tending to show that the killing was willful, deliberate, and premeditated. It is therefore this kind of killing that we must consider in this case.

At the common law the offense of murder was complete whether the killing was premeditated or was the result of felonious assault, with malice aforethought; yet since our statute has divided murder into the first and second degree, and requires that the killing shall be shown to be deliberate and premeditated (that is, intended) in order to constitute murder of the first degree, we think such premeditated killing must be charged in the indictment as well as proved by the evidence, in order to sustain a conviction for the higher offense. In other words, since the statute has narrowed and qualified the general definition of murder by a distinct and substantive definition of murder of the first degree, excluding therefrom certain homicides which would be murder at the common law, we think it follows that an indictment for murder as at common law would not necessarily include the charge of murder in the

first degree.   In this view we are sustained by the later and better authorities.   (2 Bishop's Criminal Procedure, 564-585; *State v. McCormick,* 27 Iowa, 402; *Fouts v. State,* 4 G. Greene, 500; *Fouts v. State,* 8 Ohio St. 109; *Kain v. State,* 8 Ohio St. 306; *State v. Brown,* 7 Or. 198; *State v. Brown,* 21 Kan. 38; *Leonard v. Territory,* 2 Wash. Ter. 381, 7 Pac. 872; Kelly on Criminal Law, 3448, and cases cited; *Hagan v. State,* 10 Ohio St. 459; *State v. Feaster,* 25 Mo. 327.)

It is true that under the rules of criminal procedure, as now generally understood, where the statute has carved two or more offenses out of the same act, and a party is indicted for the highest offense, or grade of offense, he may be convicted, if the evidence will warrant it, of any lower offense, or grade of offense, that is sufficiently charged in the indictment (*People v. Shotwell,* 27 Cal. 400) ; but we are not aware of any class of cases where courts have allowed a conviction for a higher offense, or grade of offense, than that charged, except in murder cases, and we cannot accept the doctrine that a party tried for any crime can be convicted of an offense of which he is not fairly charged.

Respondent contends that this indictment is sufficient under the amendment to the Criminal Practice Act (13th Sess. Laws, 97), which is as follows:   "The indictment shall contain the title of the action, and the name of the court to which the indictment is presented, and the names of the parties, and shall be sufficient if it charge the offense substantially in the language of the statute prohibiting the crime, and in such a manner as to enable a person of common understanding to know what is intended."   By this statute the legislature has not undertaken to dispense with the averments necessary to inform the party of the offense charged, but has only simplified the manner of charging the facts.   Before a party is placed upon trial for a felony or other offense he is entitled to have the offense pleaded, not necessarily in the technical language of the common law, but substantially in the language of the statute defining the offense, and in such manner as to enable a person of ordinary understanding to know what is intended, and for what offense he is to be tried.   This statute modifies the intricate and exacting common-law rules of criminal pleading, and

seeks to establish a plain rule more in harmony with the advanced notions of criminal jurisprudence. This the legislature had the power to do, and this, in our judgment, is what was intended.

The appellant asks that the instructions given by the court of its own motion be reviewed. The instructions thus given are not here by bill of exceptions, and cannot be reviewed in this court. (*People v. Biles,* ante, p. 114, 6 Pac. 121.)

The indictment sufficiently charges murder in the second degree, and we are of the opinion that under and in virtue of the general power given to modify we should sustain the verdict, and treat it as a verdict of murder of the second degree, which is included in the first, and modify the judgment accordingly. We are not without precedents and authority in reaching this determination. (*Fouts v. State,* 4 G. Greene, 500 ; *State v. McCormick,* 27 Iowa, 414; *Johnson v. Commonwealth,* 24 Pa. St. 387.)

This case is distinguished from *Hogan v. State,* 30 Wis. 428, 11 Am. Rep. 575, and *People v. Campbell,* 40 Cal. 129. In these cases the jury found the defendants guilty as charged, but did not find the degree; hence the court could not say whether they were found guilty of murder or manslaughter.

In the case at bar the defendant was found guilty of murder, and the evidence sustains the verdict, and we do not think justice would be promoted by ordering a new trial, or by remanding the cause. It is therefore considered and adjudged by the court here that the judgment of the court below be, and is hereby, modified so as to say that the defendant, E. J. O'Callaghan, be confined in the territorial prison of the territory of Idaho, at hard labor, during his natural life.

Hays, C. J., and Buck, J., concurring.