STATE OF MONTANA, RESPONDENT, *v.* C. M. OLIVER, APPELLANT.

[Submitted November 15, 1897. Decided November 22, 1897.]

*Criminal Law—Robbery—Instructions—Information, amendment of.*

1. ROBBERY—*Instructions.* An instruction defining robbery, which omits to state that "the taking" must be felonious, is prejudicial error, and the error is not cured by a subsequent instruction to the effect that "it is not necessary, to find a verdict in the case of robbery, that the money or property was taken from the person of another, but if they find that the money or property was taken feloniously from the immediate presence of another, accomplished by means of force or fear, that is sufficient."

2. INFORMATION, AMENDMENT OF.—An information for the crime of robbery may be amended at the close of the testimony for the state, so as to change the name of the person from whom it is alleged the property was feloniously taken.

*Appeal from District Court, Silver Bow County. William Clancy, Judge.*

THE DEFENDANT, C. M. Oliver, was convicted of the crime of robbery, and appeals. Reversed.

Statement of the case by the court.

The defendant and appellant, C. M. Oliver, was informed against for the crime of robbery, alleged to have been com-

mitted in the County of Silver Bow, about December 8, 1896, "by feloniously and with force and intimidation, and by putting in fear one John Ball, and taking from the possession and immediate presence of the said John Ball, and against his will, the sum of thirty dollars, lawful money of the United States, * * * the said money being the property of the said John Ball, with intent," etc. The defendant was found guilty, and sentenced to the penitentiary. He appeals.

*William Newton,* for Appellant.

*Guy Stapleton* and *C. B. Nolan,* Attorney General, for the State.

PER CURIAM.—The court gave, among others, the following instruction : "The jury are instructed that robbery is the taking of personal property in the possession of another from the person or immediate presence against his will, accomplished by means of force or fear."

The Attorney General concedes that, if this instruction stood alone as a definition of the crime of robbery, the omission of the word "feloniously" would be prejudicial error. This concession, we think, is properly made, for, if there be no felonious taking of the personal property, there can be no robbery. Under Section 390 of the Penal Code, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." If a person takes personal property in the possession of another from his person and against his will, although accomplished by means of force or fear, yet, if such taking is without felonious intent in the taking, he would not be guilty of robbery. He might, for instance, be acting under a *bona fide* belief that the property was his own, and, if so, he could not be convicted of robbery, which necessarily requires a felonious taking. It is safer for a trial court to follow the statutory definition of a crime in defining it to a jury. In departing from this rule, the judge, no matter how learned he

may be, is very apt to omit some word or clause by the omission of which, upon a review of the charge, the definition given must be held fatally defective.

The crime, therefore, having been erroneously defined, we must examine the only other instruction given, under which it is said the error just referred to was cured.

The jury were told that ''it is not necessary, to find a verdict in the case of robbery, that the money or property was taken from the person of another, but that, if they find that the money or property was taken feloniously from the immediate presence of another, accomplished by means of force or fear, that is sufficient.''

When analyzed, this instruction did not cure the error of the first, but rather emphasized it.    In charging the jury that it was not necessary that the money should be taken from the person of another, but that, if it was taken feloniously from the immediate presence of another, it was sufficient, the court again omitted the word ''feloniously'' in defining the crime where the money or property is taken from the person of another; yet the court proceeded to lay it down that, if the taking is felonious in the immediate presence of another, it is also robbery.    No objection can be made to the latter portion of the instruction.    It covered one way by which the statutory crime may be committed, but by omitting to say that the taking in robbery must be felonious, whether from the person of another or in his immediate presence, an apparent discrimination was made between the intent in the taking of the property of another as well as between the several ways of carrying out the intent.    This was very inaccurate, as whether the taking of money or property is from the person of another or from the immediate presence of another, and against his will, accomplished by means of force or fear, any taking in robbery must be a felonious one to warrant a conviction under the statute.

Both of these instructions were misleading and inaccurate, and require the judgment to be set aside, and a new trial to be awarded the defendant.

Upon the trial of the case, and at the conclusion of the evidence for the state, the County Attorney asked leave to amend the information by substituting the name of Charles Kelsey in the place of John Ball as the name of the person from whose possession the money alleged to have been feloniously taken was so taken. Defendant's counsel objected to the amendment of the information. The court overruled the defendant's objection, and allowed the amendment.

Section 1859, Penal Code, provides as follows: "Upon the trial of an indictment or information, when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment or information to be amended, according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable."

We think the variance in this case was one which might be properly cured by amendment, allowed in the discretion of the court exercised under the statute. Under a similar statute in Vermont it was held that errors in the names of persons and in the persons owners of the property might frequently occur upon the trial of a larceny case, and it was to obviate such difficulties, doubtless, that the statute was enacted; and the court said that it saw no objection, under such statutes, to an amendment changing the person alleged to be the owner. It was further said that the rights of the respondent were properly guarded by that part of the act permitting it only in case the court, in its judgment, considered the variance not prejudicial to the defendant's case on the merits. (*State* v. *Casavant*, 64 Vt. 405, 23 Atl. 636.)

Our statute has a substantially similar provision, and permits "the information to be amended, according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable."

In the case under consideration the appellant does not contend that there was an improper exercise of discretion of the court, but only that, as a strict matter of law, the court had no power to allow the amendment to be made. We think, however, that the Vermont court took a reasonable and proper view of their statute, and that the action of the District Court herein was warranted by the statutes of this state.

The judgment is reversed, and the cause is remanded, with directions to grant to the defendant a new trial.

*Reversed and Remanded.*