## STATE OF MONTANA, RESPONDENT, v. FRANK RODG-ERS, APPELLANT.

[Submitted May 9, 1898.  Decided May 16, 1898.

*Robbery—Instructions—Proof of Species of Money or Notes.*

1. ROBBERY—*Instructions.*—The defendant was tried for the crime of robbery, the information charging that the crime was committed by force; the court, having properly defined the crime, further charged the jury that it was incumbent upon the prosecution to prove that the property was taken by force. *Held,* that the omission of the word "feloniously" from this charge was not error, as the court had already fully instructed the jury upon that branch of the case.
2. PROOF OF SPECIES OF MONEY OR NOTES.—Section 2109 of the Penal Code provides that upon a trial for larceny of money, notes, certificates of stock, etc., the allegation of the information, so far as regards the description of the property, is sustained, if the offender be proved to have embezzled or stolen any money, bank notes, etc. *Held,* that larceny is included in the crime of robbery, and that in a prosecution for robbery it was not error to instruct the jury in accordance with the above law concerning the proof of the property alleged to have been taken.

Frank Rodgers was convicted of robbery, and he appeals from the judgment, and from an order refusing a new trial. Affirmed.

*J. M. Clements* and *Harry Harris,* for Appellant.

*C. B. Nolan,* for the State.

PEMBERTON, C. J.   The defendant was convicted of the crime of robbery in the district court in Lewis and Clarke county, and appeals from the judgment of conviction, and an order refusing him a new trial.

Counsel for appellant contends that the following instruction given by the court is erroneous:   "You will observe, however, that fear is not charged in this information, that the defendant is accused of taking money by force, and it is incumbent upon the state to prove to you beyond a reasonable doubt that the money was taken; that it was taken from the person or immediate presence of Joseph Sullivan against his will, by the defendant, accompanied by means of force."

His position is that this instruction defines the crime of

robbery, and that it assumes that a felonious intent is not an essential of the crime, when the robbery is committed by means of force, as distinguished from a case wherein the crime is committed by putting the victim in fear. We cannot agree with this argument. This instruction does not attempt to define robbery. The court had properly done this in a previous instruction. This instruction merely tells the jury that the ingredient of fear is not charged in the information, and that it is therefore incumbent on the state to prove beyond a reasonable doubt that the crime was committed by means of force. This was simply telling the jury that they need not inquire whether the defendant's victim was put in fear, but to inquire only as to whether he committed the crime, if at all, by means of force. We fail to see any error in this instruction.

This case is very different from the case of *State* v. *Oliver*, 20 Mont. 318, 50 Pac. 1018, cited as authority by counsel in his brief. In *State* v. *Oliver* the court, in defining robbery, omitted entirely from the instruction the word "feloniously." This court held the instruction fatally bad for that reason. But in the case at bar there is no such omission.

Counsel for appellant assigns as error the giving of instruction No. 7 by the court. This instruction reads as follows: "In this case the allegation of the information, so far as regards the description of the property alleged to have been taken from Joseph Sullivan by the defendant, is sustained if you are satisfied beyond a reasonable doubt that the defendant feloniously took any money, bank notes, or pieces of coin in the possession of Joseph Sullivan from Joseph Sullivan's person or immediate presence, and against his will, accompanied by means of force, and that the property so taken had some value."

This instruction is based upon Section 2109 of the Penal Code, which is in part as follows: "Upon a trial for larceny of money, bank notes, certificates of stock, or valuable securities, the allegation of the indictment or information, so far as regards the description of the property, is sustained, if the

offender be proved to have embezzled or stolen any money, bank notes, certificates of stock, or valuable securities, although the particular species of coin or other money, or the number, denomination, or kind of bank notes, certificate of stock or valuable security be not proved.''

As this section refers to larceny, and not robbery, the question first to be considered in treating this instruction is as to whether larceny is necessarily included in the crime of robbery. We think it is.

In discussing this question the Supreme Court of California, in *People* v. *Crowley*, 100 Cal. 478, 35 Pac. 84, say: ''But larceny and robbery are generically the same—the one being merely an aggravated form of the other. Each is the felonious taking of the personal property of another, although in robbery the felonious taking is accomplished by force or threats. The text books speak of robbery as 'an aggravated species of larceny.' (2 Russell on Crimes, 101.) In East's Pleas of the Crown, the author, after speaking of certain larcenies from the person, says: 'The next species of aggravated larceny from the person is robbery.' And indeed the distinction between certain larcenies from the person, and robbery, is often hard to draw. It has been held here that robbery necessarily includes larceny, and that under an indictment for the former there may be a conviction of the latter. (*People* v. *Jones*, 53 Cal. 58; *People* v. *Gilbert*, 60 Cal. 111.) In *People* v. *Jones*, 53 Cal. 58, the court says that 'an indictment for robbery must aver every fact necessary to constitute larceny and more.' This being so, if the appellant had the intent to commit robbery, that intent included all the elements of an attempt to commit larceny. The information in the case at bar therefore sufficiently complies with the reason of the rule that a defendant must be informed of the charge against him.'' (See, also, McClain on Criminal Law, Sec. 574.)

If in larceny, then, the description of the stolen property is sustained if the offender is proved to have stolen any money, although the stealing of the particular money charged be not

proved, the same rule must be held applicable to the description of money taken in the commission of the crime of robbery. It is necessary, both in larceny and robbery, to prove a felonious taking of the money or property which is the subject of the larceny or robbery charged. It would require the same evidence to prove the larceny or felonious taking in either case. If robbery be charged, it is necessary that the evidence go further, and establish that the taking was accomplished by means of force or fear. We are of the opinion that there was no error in giving this instruction.

. There are other errors assigned by counsel for appellant, but we think they are so dependent upon the assignments treated above as to render particular discussion of them unnecessary.

In this case the court properly defined the offense charged in the information, and clearly told the jury that they must find beyond a reasonable doubt that the defendant feloniously committed. that crime before they could convict. We are unable to see that the instructions, taken as a whole, did. or could mislead the jury.

The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.