# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

# STATE OF IDAHO.

---

(July 3, 1905.)

*STATE, Respondent, v. GEORGE SWENSEN, Appellant.

[81 Pac. 379.]

FORGERY—WHAT CONSTITUTES—FRAUDULENT INTENT—GUILTY KNOWL-
EDGE IN UTTERING FORGED INSTRUMENT—MAKING AND UTTERING
BOTH CHARGED IN ONE COUNT.

    1. To constitute forgery in this state the instrument or informa-
tion must allege that the alleged wrongful act was done with intent
to defraud another (Rev. Stats. 7028).

    2. An information which charges that defendant ''did willfully,
unlawfully, feloniously and falsely forge and utter a bank check,''
and ''did then and there utter the said bank check as true and
genuine with intent to defraud the said R.,'' is fatally defective,
in that the part charging the making of the instrument fails to
allege that the same was done ''with intent to defraud another,''
and is also defective in that the part charging the uttering of the·
bank check fails to allege that the check was uttered ''knowing
the same to be false, altered, forged or counterfeited.''

    3. Such information gains no additional strength when its charg-
ing parts are joined together in one count and taken as a whole,
where each separate charge is in itself defective and insufficient.

(Syllabus by the court.)

    Appellant was tried in the district court of Bingham
county, found guilty of forgery and sentenced to a term in
the state penitentiary, and appealed from the judgment.
*Reversed.*

---

    *This case should have been reported in the 11th Idaho, but was in-
advertently omitted from that volume.

Briggs & McCutcheon, for Appellant.

The pleader in the information has attempted to lay two charges in the same count: First, forgery under the statute by writing a check; second, forgery under the statute by uttering a check. At the same time he charges that both were accomplished by writing. Forging a check by writing is one offense, and forgery by uttering a check is another offense, both being made offenses under our statute. It is error to render judgment of conviction "for forgery as charged in the information," without designating the count upon which the verdict is found, and especially so when one count must fall for want of allegations in the information sufficient to support it. (*People v. Eppinger,* 114 Cal. 350, 46 Pac. 97.)

An indictment charging forgery, but which failed to allege that it was done with intent to defraud, is fatally defective. (*People v. Turner,* 113 Cal. 278, 45 Pac. 331; *People v. Mitchell,* 92 Cal. 563, 28 Pac. 597; *People v. Smith,* 103 Cal. 563, 37 Pac. 516; *State v. Gavigan,* 36 Kan. 326, 13 Pac. 554; *State v. Warren,* 109 Mo. 432, 19 S. W. 191; *Drake v. State,* 19 Ohio St. 211.)

When one part of an information charging the passing of a forged instrument is fatally defective, such information gains no additional strength when its charging parts are joined together and taken as a whole. (*People v. Mitchell,* 92 Cal. 563, 28 Pac. 597.)

J. J. Guheen, Attorney General, Edwin Snow, and F. S. Wettach, for the State.

Both the making of the forged instrument and the uttering of the same may be charged in a single count of the indictment, and may constitute one offense. (*People v. Shotwell,* 27 Cal. 394; *People v. Frank,* 28 Cal. 513.)

That is what has been done in the case at bar; it charges the whole series of acts connected with the check in one count as constituting the crime of forgery. There is only one charge and one count, which marks this case off clearly from

cases cited by appellant. The charging part of the information reads: "Did forge and utter." Both said acts are charged together in one count as constituting one crime.

An offense need not be charged in the exact language of the statute, "but other words conveying the same meaning may be used." (Rev. Stats., sec. 7685.)

Ordinary and concise language, and such as will enable a person of ordinary understanding to know what is intended, is sufficient. (Rev. Stats., sec. 7686.)

Technical defects in an information which do not tend to the prejudice of a substantial right of the defendant do not make it insufficient. (Rev. Stats., sec. 7687.)

STOCKSLAGER, C. J.—The county attorney of Bingham county filed his information, charging that, "George Swensen, on or about the 1st day of November, 1904, at the county of Bingham, state of Idaho, and prior to filing this information, did willfully, unlawfully, feloniously and falsely forge and utter a bank check which was then and there signed in blank by one Evelyn Richards, to wit: A check on the State Bank of Idaho Falls, Bingham County, Idaho, and which said check he, the said George Swensen, did willfully, unlawfully, falsely and feloniously forge and utter by writing in the body of the check the words and figures, to wit: George Swensen, twenty-five ($25.00) between the words, 'pay to the order of' and the word 'dollars,' and did then and there utter the said bank check as true and genuine with intent to defraud the said Evelyn Richards."

Thereafter, and on the third day of April, 1905, the defendant being in open court with his counsel, the information was read to him and he was given until the next morning to plead, and on the next morning, to wit, on the fourth day of April, he asked that the plea of not guilty be entered in his behalf. Thereafter, Briggs & McCutcheon, counsel for defendant, filed their demurrer to the above information: "First, that the information does not substantially conform with the provisions of sections 7677, 7678,

7679 of the Revised Statutes of Idaho; second, that more than one offense is charged in the information in this, that the defendant is charged with forging and uttering the check in question for the reason that the facts stated do not constitute a public offense.'' This demurrer was overruled by the court. Thereafter a jury was impaneled, a trial had and a verdict rendered, to wit: ''We, the jury, duly sworn and impaneled in the above-entitled case, find the defendant guilty of forgery, as charged in the information.'' Thereafter, and on the tenth day of April, 1905, counsel for appellant moved the court for an order in arrest of judgment on the following grounds, to wit: ''First, that the county attorney's information against said defendant does not substantially conform to the provisions of sections 7677, 7678 and 7679 of the Revised Statutes of Idaho; second, that more than one offense is charged in the county attorney's information filed herein, and for further reason that the facts stated did not constitute a public offense.''

On April 15, 1905, after having heard argument of counsel on the above motion, the court rendered its decision and ordered that said motion be overruled. On the twenty-fourth day of April, 1905, the court passed sentence upon the above defendant, sentencing him to a term of one year in the penitentiary of the state of Idaho, at hard labor. On the same day counsel for appellant gave notice of their intention to appeal to the supreme court of the state of Idaho, from the judgment of conviction, and also from the order denying defendant's motion in arrest of judgment entered on the fifteenth day of April, 1905. This prosecution is based on section 7028 of the Revised Statutes of Idaho, which, among other things, says: ''Every person who, with intent to defraud another, falsely makes, alters, forges or counterfeits any check, . . . . is guilty of forgery,'' and further on in the section it is provided that any person who ''utters, publishes, passes or attempts to pass as true and genuine, a false, forged or counterfeited check, knowing the same to be false, altered, forged or counterfeited, with intent to damage or defraud any person, is guilty of forgery.'' ·

It is very earnestly insisted by counsel for appellant that the court erred in overruling their motion in arrest of judgment, claiming that the information charges two offenses; First, forgery, under the statutes, by *writing* a check; second, forgery, under the statutes, by *uttering* a check, and at the same time charges that both were accomplished by writing. They further contend that forging a check by *writing* the same is one thing and one offense, and committing forgery by *uttering* the check is another thing and another offense, both being made offenses under our statutes.

Our attention is first called to *People v. Eppinger,* 114 Cal. 350, 46 Pac. 97. It seems that defendant was convicted under an indictment for passing and publishing a fictitious check, with intent to defraud, and which also charged a prior conviction for petit larceny. A verdict of guilty was returned by the jury, as to making and passing a fictitious check, but the verdict was silent as to the prior conviction for petit larceny.

In the opinion the court quotes from *People v. Johnson,* 71 Cal. 384, 12 Pac. 262, as follows: "The clerk has no power to enter and it is at least error in the court to direct a judgment declaring that the defendant has been convicted of one offense when in fact he has been convicted of another and distinct offense. The entry of judgment declaring that the defendant has been convicted of an offense of which he has not been convicted is more than a mere technical error." It is conceded by counsel for appellant that both offenses, that is, the offense of forgery and of uttering the forged paper can be properly charged and prosecuted together as one offense when properly plead, but they contend that it is error to render judgment of conviction for forgery as charged in the information without designating the count upon which the verdict is found, and especially so when one or both counts must fall for want of allegations in the information sufficient to support a verdict and judgment.

Our attention is called to *People v. Mitchell,* 92 Cal. 563; 28 Pac. 597. The first clause of the syllabus is as follows: "An information which charges that defendant did 'unlaw-

fully, feloniously and fraudulently make and forge a certain check,' and did 'falsely, fraudulently, knowingly, feloniously and with intent to defraud, prejudice and damage one M., utter, publish and pass the same,' is fatally defective in that the part charging the forgery fails to allege that it was done with intent to defraud.''

The second part of such information charging the passing of a forged instrument is also fatally defective in that it fails to allege that defendant knew that the instrument was forged.

In the opinion it is said: ''It will be observed that the charging part of the information consists, as it were, of two branches; that the defendant is charged with making and forging a certain check, and with uttering and passing the same with intent to defraud. This character of pleading has been recognized and approved in the case of *People v. Shotwell,* 27 Cal. 394, *People v. Frank,* 28 Cal. 513, and it is there decided that under such an information evidence of the false making of the check or of uttering and passing the same, knowing it to be forged, or evidence both of the making and uttering will sustain a verdict of guilty.''

Under the portion of the information charging the felonious making and forging of the check there is no allegation that such acts of defendant were done with intent to defraud. Forgery is a statutory offense, and the intent to defraud is the essential element and must be alleged in the information in order that the judgment of conviction upon such a charge will have sufficient support. As to the portion of the information charging the passsing and uttering, it is alleged that the defendant did ''willfully, unlawfully, falsely, knowingly and feloniously, with intent to defraud, utter and pass as true and genuine the said false and forged check.''

Section 470 of the Penal Code provides that the defendant at the time he utters and passes the instrument as genuine must know the same to be ''false, altered, forged and counterfeited,'' and the allegation that he falsely and knowingly uttered and passed as genuine a false and forged

check cannot be construed to mean that he knew the check was false and forged at the time he uttered and passed it. For these reasons we think the charging part of both branches of the information is fatally defective when taken separately, and it gains no additional strength when joined together and taken as a whole.

In *People v. Turner,* 113 Cal. 278, 45 Pac. 331, Mr. Justice Henshaw uses the following language: "The information, it is admitted, contained two counts. By the first it is charged that the defendant, having in his possession a deed of a piece of realty, made and executed by one Lizzie O'Donnell to J. P. Frenna, did 'willfully, unlawfully, knowingly, feloniously, falsely and fraudulently make and forge on the back of said deed a certificate in the handwriting of T. A. Bell, . . . . which said false, fraudulent and forged certificate purported to recite that the aforesaid deed had been filed in the office of the county recorder of said county of Fresno, duly recorded.' . . . . By the second county it is charged that the defendant, 'well knowing said pretended certificate to be false, fraudulent and forged,' did 'then and there, to wit, on the 4th day of October, 1892, willfully, unlawfully, knowingly, falsely, fraudulently, feloniously and with intent to defraud J. P. Frenna, utter, publish and pass the same to said Frenna as genuine and true.' " It is further said: "Upon the trial of the cause evidence was introduced under both counts, the jury was instructed upon the law governing both the making and the uttering of a forged instrument, and a general verdict of guilty as charged was returned. It is here contended, as it was in the trial court, both upon demurrer and upon a motion in arrest of judgment, that the first count is radically defective. The intent to defraud is not only an essential element of the crime of forgery, but it is an essential averment to every indictment for forgery. The first count is radically defective. It is therein merely declared that the defendant did fraudulently make and forge the certificate. It does not allege that the acts were done with intent to defraud anyone. In *People v. Mitchell,* 92 Cal. 590, 28 Pac. 597, a count containing the

identical defect was held by this court in bank to be fatally imperfect."

Applying the rules as announced in the foregoing authorities there can be no doubt but that the information before us is insufficient. By this information the prosecutor sought to charge the defendant in one count with both the forging and making of the false and fraudulent instrument, as well as with the fraudulent and wrongful uttering of the same. An examination of the information, however, discloses the fact that the count is neither good as to the making nor as to the uttering. It is not charged that the defendant made the instrument "with intent to defraud another," nor is it alleged that he uttered the check "knowing the same to be false, altered, forged or counterfeited." While both offenses may be united in one count, that fact does not relieve the prosecutor from the necessity of charging all the elements which are made necessary by statute (Rev. Stats., sec. 7028 to constitute the crime.

We have frequently held that an indictment or information in the language of the statute is sufficient, but we have never gone to the extent of holding an information which falls short of the statutory definition of the offense sought to be charged as a sufficient information upon which to rest a judgment of conviction. A defendant has a constitutional as well as a statutory right to know the offense with which he is charged that he may defend against that specific cahrge.

Judgment is reversed and the cause remanded, with instructions for the trial court to sustain the motion in arrest of judgment.

Ailshie, J., concurs.

SULLIVAN, J., Dissenting.—I dissent from the conclusion reached by my associates. The information charges the defendant with forgery in uttering or passing a false and fraudulent bank check which it is charged he had willfully, falsely and feloniously drawn. The information charges that he uttered said false "bank check as true and genuine with

intent to defraud,'' etc.   From the language used in the in-
formation it is clearly stated that defendant knew the check
was false, as it is alleged that he drew it himself.   Is it pos-
sible that that language is not sufficient to charge that he
knew that it was false?   It was not necessary to charge that
he drew or made said bank check with intent to defraud, etc.;
it was sufficient to charge that he uttered said check as
genuine with intent to defraud.   The intent with which it
was uttered is the gravamen of the crime, and not the mak-
ing of the check.   The charging part of the information
comes clearly within the provisions of sections 7685, 7686
of the Revised Statutes.   The act charged as a crime is
clearly and distinctly set forth in said information in or-
dinary and concise language, and in such manner as to en-
able the defendant to know just what crime he was charged
with, and under the provisions of our statute, that is suffi-
cient.   The judgment should be affirmed.