(February 2, 1912.)

STATE, Respondent, v. JOHN BRILL, Appellant.

[121 Pac. 79.]

CRIMINAL LAW — ROBBERY — INFORMATION—PROPERTY TAKEN—OWNERSHIP OF—CONSTRUCTION OF STATUTE—FELONIOUS TAKING—COMMON-LAW PLEADING—RIGHTS OF DEFENDANT—PREJUDICE—SUFFICIENCY OF EVIDENCE—IDENTITY OF DEFENDANT—INSTRUCTIONS.

(Syllabus by the court.)

1. An information charging robbery, in that the defendant "did then and there and by means of said fear inspired in the said Efton Carr, as aforesaid, willfully, unlawfully and feloniously take, steal and carry away from the person of said Efton Carr, and against the will of him, the said Efton Carr, certain personal property then and there being in the possession of and on the person of said Efton Carr, to wit, eight dollars in silver coin, lawful money of the United States of America and of the value of eight dollars," is sufficient, and negatives the idea that said silver coin was the property of the defendant.

2. Sec. 6590, Rev. Codes, defines the crime of robbery as the felonious taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear, and the essence of the crime of robbery is the felonious taking of personal property in the possession of another by means of force or fear.

3. An information for robbery is sufficient if it charges the offense in the words of Rev. Codes, sec. 6590, defining robbery.

4. The evidence *held* sufficient to justify the verdict.

5. The evidence *held* sufficient to identify the defendant as the person who committed the crime of robbery.

6. On a prosecution for robbery the fact that the money taken was in the possession of the prosecuting witness was sufficient evidence of ownership to sustain a conviction, where there was no evidence tending to show it belonged to the defendant and no claim was made by the defendant that the property was his.

7. An instruction given by the court charging the jury that it is not necessary to allege in the information the ownership of the money alleged to have been taken, *held*, under the evidence, not reversible error. If the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty or conviction beyond a reasonable doubt in an unprejudiced mind, and the result would not have been different had the instruction been omitted, the cause will not be reversed because of such erroneous instruction, where it appears that the court has correctly instructed the jury as to the law of the case in other instructions.

8. *Held*, that the instructions given by the court sufficiently cover the law of the case, and that it was not error to refuse to give the instructions requested by the defendant.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

Defendant was convicted of the crime of robbery and sentenced to imprisonment in the state penitentiary for a term of not less than five nor more than eight years. Judgment *affirmed*.

Robert R. Wedekind, for Appellant. •

An indictment or information for robbery must allege that the property taken was the property of some person other than the defendant. (*People v. Vice*, 21 Cal. 345; *People v. Ammerman*, 118 Cal. 25, 50 Pac. 15; *People v. Hicks*, 66 Cal. 103, 4 Pac. 1093; *In re Myrtle*, 2 Cal. App. 383, 84 Pac. 335; *United States v. McNemara*, 26 Fed. Cas. No. 15,701, 2 Cranch C. C. 45; *State v. McCune*, 5 R. I. 60, 70 Am. Dec. 179, and note; *Traver v. State*, 72 Ark. 524, 81 S. W. 615; *State v. Montgomery*, 181 Mo. 19, 2 Ann. Cas. 261, 79 S. W. 693, 67 L. R. A. 343; 18 Ency. Pl. & Pr. 1223; 34 Cyc. 1803; *Smedley v. State*, 30 Tex. 215; *State v. Morgan*, 31 Wash. 226, 71 Pac. 72; *McGinnis v. State*, 16 Wyo. 72, 91 Pac. 936; *State v.*

*Wasson,* 126 Iowa, 320, 101 N. W. 1125; *State v. Absence,* 4 Port. (Ala.) 397.)

The use of the word "steal" does not relieve the prosecution of the necessity to allege ownership. (*State v. Wasson, supra; McGinnis v. State, supra.*)

The word "steal" is a legal result of *facts,*—a mere conclusion of law. (*Williams v. State,* 12 Tex. App. 395; *State v. Smith,* 31 Wash. 245, 71 Pac. 767; *Young v. State,* 12 Tex. App. 614; *Barnhart v. State,* 154 Ind. 177, 56 N. E. 212.)

In indictments and informations every fact necessary to constitute the crime charged must be directly and positively alleged. (22 Cyc. 293.)

Robbery is held to be an exception to the rule that an information in the language of the statute is sufficient. (*State v. Hall,* 54 Wash. 142, 102 Pac. 888; *Higgins v. State* (Tex. App.), 19 S. W. 503.)

An indictment for robbery should contain the allegations of simple larceny with the added matter that makes larceny robbery. (Bishop's New Cr. Proc. 101; *McGinnis v. State,* 16 Wyo. 72, 91 Pac. 936.)

In charging the offense, nothing is to be left to implication or intendment or to conclusion. (22 Cyc. 336, and authorities cited.)

As an element of the identification and definition of the offense, it is necessary to name the owner of the property affected. (*Washington v. State,* 72 Ala. 272; *Johnson v. State,* 59 Ala. 37; *Willis v. People,* 2 Ill. 399.)

D. C. McDougall, Attorney General, J. H. Peterson, O. M. Van Duyn, Assistants, and Charles P. McCarthy, for Respondent.

The information need not contain an allegation of the ownership at all in robbery cases. (*Clemons v. State,* 92 Tenn. 282, 21 S. W. 525; *State v. Dilley,* 15 Or. 70, 13 Pac. 648; *Owen v. Commonwealth* (Ky.), 76 S. W. 3; *State v. Eddy,* 46 Or. 625, 81 Pac. 941, 82 Pac. 707; *People v. Smith,* 86 Hun, 488, 33 N. Y. Supp. 989.)

The information negatives the ownership of the defendant. It charges that the defendant did unlawfully and feloniously take, steal and carry away. One may not steal his own property. (7 Words and Phrases, p. 6652; *In re Myrtle,* 2 Cal. App. 383, 84 Pac. 335.)

Where defendant makes no claim of ownership, the fact that the property taken was in the possession of the prosecuting witness is sufficient proof of the ownership, or at least of the fact that the defendant was not the owner and had no right to possession. (*People v. Nelson,* 56 Cal. 77; *State v. Howard,* 30 Mont. 518, 77 Pac. 50; 34 Cyc. 1810, note E.)

The information is in the language of the statute, which is sufficient. (*State v. Swensen,* 13 Ida. 8, 81 Pac. 379; *People v. O'Callaghan,* 2 Ida. 156 (143), 9 Pac. 414; *People v. Butler,* 1 Ida. 231; *United States v. Mays,* 1 Ida. 763.)

SULLIVAN, J.—The defendant was charged with and convicted of the crime of robbery and sentenced to imprisonment in the penitentiary for a term of not less than five years nor more than eight years. A motion for a new trial was denied and the appeal is from the judgment and from the order denying the new trial.

Numerous errors are assigned, and the first is that the information failed to allege the ownership of the property taken. The charging part of the information is as follows:

"And the said John Brill, *alias* John Boden, did then and there and by means of said fear inspired in the said Efton Carr as aforesaid, willfully, unlawfully and feloniously take, steal and carry away from the person of the said Efton Carr, and against the will of him, the said Efton Carr, certain personal property then and there being in the possession of and on the person of the said Efton Carr, to wit, eight dollars in silver coin, lawful money of the United States of America and of the value of eight dollars."

There is no direct allegation in said information as to who was the owner of said money, and counsel contends and argues that the information is defective, for the reason that it does not specify who was the owner of the money taken.

Sec. 6590, Rev. Codes, defines robbery as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." The essence of that crime is the felonious taking of personal property in the possession of another by means of force or fear. This court has held in a number of cases that an information in substantially the language of the statute is sufficient. (*People v. Butler,* 1 Ida. 231; *United States v. Mays & Overholt,* 1 Ida. 763; *People v. O'Callaghan,* 2 Ida. 156 (143), 9 Pac. 414; *State v. Swensen,* 13 Ida. 1, 81 Pac. 379.) While the information is not in the exact language of the statute, the words used there convey the same idea, and that is sufficient under the provisions of sec. 7685, which section provides that words used in a statute to define a public offense need not be strictly pursued in the indictment but other words conveying the same meaning may be used. The crime charged in said information is clearly and distinctly set forth in ordinary and concise language and in such manner as to enable the defendant to know with just what crime he was charged. That being true, under the provisions of our statute said information is sufficient. The words used in the indictment clearly negative the ownership of said money in the defendant, and under it the defendant might have been convicted of larceny. The general rule is that a person cannot commit the crime of robbery by taking his own property, unless the person robbed has a special property right therein and the right to its possession. (Clark and Marshall on the Law of Crimes, sec. 371.) It has been held that an information for robbery need not contain an allegation of the ownership of the property taken. (*Clemons v. State,* 92 Tenn. 282, 21 S. W. 525; *State v. Dilley,* 15 Or. 70, 13 Pac. 648; *Owen v. Commonwealth* (Ky.), 76 S. W. 3; *People v. Smith,* 86 Hun, 488, 33 N. Y. Supp. 989.) Did it tend to prejudice the defendant in regard to some substantial right because it was not alleged in the information that the railroad company or the conductor on the car was the owner of the money that he secured by the

robbery? We think not. We do not suppose he could have put up any better defense than he did had it been alleged that the money belonged to the railroad company or any other person to whom it actually did belong. We think the information is sufficient, and that the court did not err in overruling the demurrer and motions made against said information.

2. The next specification of error is to the effect that the evidence is insufficient to justify the verdict. It is there contended that it did not appear on the trial to whom the money taken belonged. We think the evidence sufficiently shows that the money did not belong to the defendant, and we need not go further with that inquiry.

3. It is next contended that the evidence was not sufficient to identify the defendant as the person who committed the crime of robbery. We think it is amply sufficient. Where the defendant makes no claim of ownership to the property taken, the fact that the property was taken from the possession of the prosecuting witness is sufficient proof of the ownership, or at least of the fact that the defendant was not the owner and had no right to its possession.

4. It is next contended that a part of the first instruction given by the court was erroneous and not the law. The part referred to is to the effect that it was not necessary that proof be offered as to the ownership of the money alleged to have been taken from the prosecuting witness, and that it was sufficient under the statute if the state had satisfied the jury, as stated in the subsequent instructions, and that the money described was actually taken from the person and possession of the prosecuting witness. In subsequent instructions the court gave a clear statement of the law applicable to the case at bar. The contention of counsel is that the defendant could not be guilty of robbery if he only took possession of his own property, regardless of how he took possession of it. While that instruction was in part erroneous, it did not in any way prejudice the rights of defendant, as his defense was an *alibi* and not that he owned the money taken by him, or that he was entitled to the possession of it. There was no evidence

whatever tending to show that said money belonged to defendant.

The evidence shows that the person robbed was a street-car conductor, who was just about to start his car on a return trip from the end of the line, and that the defendant appeared with a handkerchief over his face and covered the defendant with a six-shooter and said: ''Put that stool down. I mean business. The first man makes a move, I will kill him. Give me what you got; put it in your hat and put it on the stool.'' The conductor said, ''Do you mean it?'' and he replied, ''I do.'' And the conductor further testified: ''He kept the gun on me all the time and I put what I had in my cap and put it down on the stool. He said, 'That's not all you got.' I said, 'That's all I got in my pockets,' and pulled my pockets wrong side out. As soon as I put it on the stool he beckoned me to go back on the car and went and took the money out of the cap. He took his hand down that held the handkerchief but kept the gun on me and I got a good view of his face. The defendant, this man right here, was the man. . . . . I put eight dollars in United States money in half dollars and dimes in the cap. The reason I did it was because he had the gun on me and for fear he would shoot me. After that he backed away with the gun on me. He said, 'If you ever report this, I will see you later.' '' The evidence all indicates that it was not the money of the defendant, and there is nothing in the evidence tending to indicate that the money did belong to the defendant. If the evidence showed that the money did belong to the defendant, then a different question would be presented. In *State v. Howard,* 30 Mont. 518, 77 Pac. 50, it was held on a prosecution for robbery, the fact that the money taken was in the prosecutor's possession was sufficient evidence of ownership to sustain a conviction.

On the whole record, we do not think there was reversible error on account of giving said instruction. This court held in *State v. Marren,* 17 Ida. 766, 107 Pac. 993, that even though an instruction is erroneous and ordinarily the error would be material, yet if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty,

or conviction in an unprejudiced mind, and the result would not have been different had the instruction been omitted, the case will not be reversed because of such erroneous instruction.

We have examined with some care the instructions given by the court to the jury and conclude that they sufficiently cover the law of the case. We have also examined the instructions requested by counsel for the defendant and we are satisfied that no prejudicial error was committed by the court in refusing to give said requested instructions.

The judgment must therefore be affirmed, and it is so ordered.

Stewart, C. J., concurs.

AILSHIE, J., Concurring.—I think the information in this case is probably sufficient to charge defendant with the crime of robbery under the provisions of sec. 6590. (*In re Myrtle,* 2 Cal. App. 383, 84 Pac. 335.) This court has quite uniformly held that an indictment or information is sufficient if it charges the offense in the language of the statute. (*People v. Butler,* 1 Ida. 231; *United States v. Mays & Overholt,* 1 Ida. 763; *People v. O'Callaghan,* 2 Ida. 156 (143), 9 Pac. 414; *State v. Swensen,* 13 Ida. 1, 81 Pac. 379; *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *State v. Squires,* 15 Ida. 547, 98 Pac. 413.) This is true, however, only as to the specific offense defined by the statute, and would not be true as to other and lesser offenses included within the crime so defined. There is no doubt but that robbery includes the crime of larceny. (24 Am. & Eng. Ency. of Law, 2d ed., 992; 34 Cyc. 1797; 2 Current Law, 1524–1526; *People v. Chuey Ying Git,* 100 Cal. 437, 34 Pac. 1080; *People v. Nelson,* 56 Cal. 77; *People v. Jones,* 53 Cal. 58; *People v. Clary,* 72 Cal. 59, 13 Pac. 77; *State v. Rodgers,* 21 Mont. 143, 53 Pac. 97; *Reed v. State,* 66 Neb. 184, 92 N. W. 321; *People v. Church,* 116 Cal. 300, 48 Pac. 125; *State v. Taylor,* 140 Iowa, 470, 118 N. W. 747.) Although the crime of robbery includes the crime of larceny, a jury would not be justified in returning a verdict against a defendant, finding him guilty of

larceny where he is charged with robbery, unless the information is also sufficient in terms to charge the specific offense of larceny under sec. 7045, as well as the crime of robbery, under sec. 6590.

It seems to me there can be no doubt as to the error in that part of the instruction which told the jury that it made no difference as to the ownership of the property. I do not think a man could be held guilty of robbery under our statute for taking his own property from the person or presence of another, where he is legally entitled to the immediate possession thereof. Of course, if he used force or induced fear in procuring the possession of his own property, he would perhaps be guilty of some crime under our statute, but it would not be the crime of robbery.

Upon the whole record in this case, I agree with my associates that the appellant is undoubtedly guilty of the crime for which he has been convicted, and for that reason the judgment should be affirmed.