## COMMONWEALTH *vs.* BERNARD CAIN, JR.

The misjoinder, if it be one, in the same indictment, of a count for burning a dwelling-house, a count for burning a barn by means of which the house was burned, and a count for burning a barn within the curtilage of the house, is cured by a *nolle prosequi* of two of the counts, entered, without the defendant's consent, after a motion to quash for want of an averment that the counts were different descriptions of the same act had been over-uled, but before the jury had been impanelled.

INDICTMENT containing three counts. The first count charged the burning of a dwelling-house in the night time; the second charged the burning of a barn in the night time, by means of which said dwelling-house was burned and consumed; the third charged the burning in the night time of a barn within the curtilage of said dwelling-house.

In the superior court, before the jury were impanelled, the district attorney stated that the different counts related to the same general burning, and were intended to meet such state of the facts as should appear from the evidence. Thereupon the defendant moved to quash the indictment, because it contained no averment that the different counts were different descriptions of the same act, and he contended that the counts described different offences; but *Devens*, J., overruled the motion. Afterwards, but before the jury were impanelled, the district attorney, without the consent of the defendant, entered a *nolle prosequi* of the first and second counts. The defendant objected that no defect or omission in the indictment could be cured or affected by the *nolle prosequi*, and renewed his motion to quash, which was again overruled.

The defendant was tried upon the last count, and, on the introduction of the evidence, it appeared that there was but one act of burning; that the fire was kindled in the barn, which was partially consumed; and that the fire extended to the dwelling-house, a portion of which was charred. The defendant was found guilty, and moved in arrest of judgment, for the reason that the indictment contained no averment that the different counts were different descriptions of the same act, "it appearing upon the evidence that this was but one act of burning, and

that the several counts are different descriptions of the same act." The motion was overruled, and the defendant alleged exceptions.

*P. E. Aldrich,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

. AMES, J.   By the terms of the St. of 1861, *c.* 181, "two or more counts, describing different offences, may be set forth in the same complaint or indictment, depending upon the same facts or transactions; provided that the complaint or indictment shall contain an averment that the different counts therein are different descriptions of the same act." The meaning of this statute seems to be, that, if the prosecutor should desire to secure the advantage of presenting the same subject matter in several distinct forms, and describing the same act in several different ways, without being driven to his election on which he will rely, he may do so, on complying with the terms of the statute, and making it a matter of special averment in the complaint or indictment that the different counts are different descriptions of the same act. This proviso is undoubtedly intended for the benefit of the defendant, by informing him that charges, which taken literally appear to relate to distinct and separate offences, are substantially but one, and that there is but one act or transaction which is really the subject of trial. It was also intended to permit the same act to be variously described in different counts, which could not be united at common law without being liable to the objection of misjoinder.

The subject of the joinder of offences which are really distinct and separate continues to stand exactly as it did before that statute was enacted.  There is no doubt that, within certain limits, different offences of the same nature may be stated in different counts of an indictment, when the same mode of trial applies and the same judgment is to be given. *Josslyn* v. *Commonwealth,* 6 Met. 236. It certainly has been common in practice, in this Commonwealth, to include several distinct substantive offences in the same indictment, where they are of the same general nature, and where the mode of trial and nature of the punishment are the same. And this court has declared that it

"sees no objection to this course, because it is always competent for the court to order, where there are several counts which might tend to perplex the defendant in his defence, that the prosecutor shall elect on which of the counts he will bring the defendant to trial, so as to exempt him from the vexation of meeting multifarious charges at one and the same time." *Carlton* v. *Commonwealth,* 5 Met. 532. *Booth* v. *Commonwealth,* Ib. 535. 1 Archb. Crim. Pract. & Plead. (7th Am. ed.) 310, and note. It can hardly be said that the three counts in this indictment are different descriptions of the same act. The burning of the dwelling-house is not the same act as the burning of the barn. It is difficult to see why those two counts, at least, might not have been joined in the same indictment without the averment required by the St. of 1861, *c.* 181, or how as to them that averment could be made consistently with truth.

But the objection, founded upon the want of the averment provided for by the statute in question, is wholly removed by the *nolle prosequi* of the first and second counts of the indictment. This discontinuance as to those two counts was a matter entirely at the discretion of the prosecuting officer, at that stage of the case ; and although not, strictly speaking, an amendment of the indictment, its effect for the purposes of the trial was to leave the defendant as if the indictment contained the third count only. *Commonwealth* v. *O' Connell,* 12 Allen, 451. *Commonwealth* v. *Tuck,* 20 Pick. 356. *Exceptions overruled.*