## COMMONWEALTH *vs.* ELIZA F. HOLMES.

On the trial of an indictment for procuring a miscarriage of A., it is competent for the Commonwealth to prove that, before leaving her home and submitting to the operation which caused the miscarriage, A. knew that her mother had had an interview with the defendant in which the mother had said that A. was pregnant and was going somewhere to get rid of her child, and the defendant had replied " Send her to me," and added that he had operated successfully five times on one person.

The omission in an indictment containing two counts of an averment that they are different descriptions of the same offence is cured by a verdict of not guilty on one of the counts and the entry of a *nolle prosequi* on that count.

INDICTMENT with two counts; the first charging that the defendant thrust an instrument into the pregnant womb of Elizabeth B. Blanchard with intent to procure a miscarriage, and in consequence thereof said Elizabeth died; and the second containing substantially the same averments as to the use and purpose of the use of an instrument on the body of said Elizabeth, but omitting to aver her death. There was no averment that both counts were different descriptions of the same offence. In the superior court, before the jury were empanelled, the defendant moved to quash the indictment, for the want of such an averment; but the motion was overruled. The defendant was then tried, and found guilty on the second count, and not guilty on the first count, before *Reed*, J., who allowed exceptions to the ruling on her motion to quash, and to a ruling on the admission of evidence which was stated in the bill of exceptions as follows :

" At the trial, Mary J. Blanchard testified that she had an interview with the defendant, in which she stated to the defendant that Elizabeth B. Blanchard, who was her daughter in law, was in a family way ; that Elizabeth said she was going to Boston or somewhere, to get rid of her child ; that the defendant said, ' Send her to me,' that she had operated successfully five times upon one person, &c.; but that no message was sent by the defendant to said Elizabeth, and no appointment was made. It appeared that this conversation must have occurred some weeks before Elizabeth saw the defendant, if she saw her at all. The district attorney was allowed, against the objection of the defendant, to ask the witness, ' Did or not your daughter, before she left home, have knowledge of what had occurred between you and Mrs. Holmes?' and the witness answered, ' She did.'"

A copy of the indictment annexed to the bill of exceptions showed that the district attorney, on the day of the trial and verdict, filed a *nolle prosequi* of the first count.

*E. Avery & W. Colburn*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

AMES, J. It appears to us that the evidence which was objected to by the defendant was material and competent, and for

that reason admissible. The witness had been permitted, without objection, to testify to a conversation, the substance and effect of which was that the defendant represented herself as having experience and skill in operations of the kind referred to in the indictment; that she had repeatedly performed them with success; and that she was ready and willing to undertake the performance of such an operation upon Elizabeth B. Blanchard. It was not in form a message directly from the defendant to her, but it was in substance an invitation to her, if she wished to "get rid" of the child with which she was then pregnant, to come to the defendant. The only thing which would give to this conversation any significance or importance would be proof of the fact that it was substantially made known to the person to whose case it applied; and the evidence to which the defendant objects, if believed, supplies exactly that proof. If followed up, as we are bound to suppose it was, by other evidence tending to show that she left her home afterwards and had communication with the defendant, and that she underwent such an operation, with a fatal result, it would certainly be proper for consideration as one link in a chain of circumstantial evidence that the defendant's readiness to undertake the operation had been communicated to the patient.

With regard to the objection that the indictment contains two counts without any averment that they are different descriptions of the same act, the difficulty (if any) is entirely relieved by the verdict of not guilty upon the first count, and the *nolle prosequi* by the district attorney of the same count. See *Commonwealth v. Cain*, 102 Mass. 487. *Exceptions overruled.*