## COMMONWEALTH *vs.* MARY J. ADAMS.

Suffolk. March 24. — June 17, 1879. AMES & LORD, JJ., absent.

An indictment, after alleging the commission of an abortion by some person unknown, charged that the defendant before the abortion was committed "did feloniously and maliciously incite, move and procure, aid, counsel, hire and command the said person as aforesaid unknown the said felony and abortion, in manner and form aforesaid, to do and commit." *Held*, that the indictment sufficiently charged the defendant with being an accessory before the fact.

The allegation, in an indictment against a person as an accessory before the fact to a felony described, that he "feloniously and maliciously" incited and procured the principal to commit the felony, imports that the defendant acted with an unlawful intent.

The St. of 1861, *c.* 181, does not apply to an indictment that charges in different counts the same offence by the use of different means.

A misjoinder of counts in an indictment is cured by a verdict of acquittal upon one of the counts.

At the trial of an indictment charging the commission of an abortion by a person unknown, and the defendant with being an accessory before the fact to such felony, the evidence tended to show that the defendant received the woman, upon whom the abortion was committed, to board, knowing her condition, for the purpose of having an abortion performed upon her; and that the defendant procured a physician to operate upon her and produce the abortion. *Held*, that this evidence was properly submitted to the jury.

An indictment alleged the commission of an abortion by a person unknown, and that the victim of the abortion died in consequence thereof; and charged the defendant with being an accessory before the fact to such felony. *Held*, that the allegation of the death was in aggravation of the offence charged; and that the defendant might be convicted without proof of the death.

At the trial of an indictment alleging the commission of an abortion by a person unknown, and that the victim of the abortion died in consequence thereof; and charging the defendant with being an accessory before the fact to such felony, the jury returned into court and stated that they had agreed that the defendant was guilty of being an accessory before the fact to the abortion, but had not agreed whether the death of the victim of the abortion resulted therefrom. The government then offered to enter a *nolle prosequi* as to that part of the indictment, if the defendant would consent, and the jury afterwards acquitted the defendant of that part of the indictment. *Held*, that the defendant had no ground of exception to an order of the judge that the verdict should be received and recorded.

INDICTMENT in two counts. The second count was as follows: " And the jurors aforesaid for the Commonwealth of Massachusetts, on their oath aforesaid, do further present, that a certain person, whose name and a more particular description of whom are to said jurors unknown, on the eleventh day of

November in the year of our Lord one thousand eight hundred and seventy-eight, at Chelsea aforesaid, with force and arms, with the intent to procure the miscarriage of one Anna F. Clark, did unlawfully use some unlawful means to the said jurors unknown, with said intent, she the said Anna being then and there pregnant with child. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Anna afterwards, to wit, on the twenty-second day of said November, at Chelsea aforesaid, by means of the unlawful means so as aforesaid to the said jurors unknown, in manner and form aforesaid used by said person so as aforesaid unknown, then and there died: against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided. And the jurors aforesaid for the Commonwealth of Massachusetts, on their oath aforesaid, do further present, that George A. Ellis, Mary Jane Adams and Mary E. Shaw, before the said felony and abortion was committed in manner and form aforesaid, to wit. on the eleventh day of November in the year of our Lord one thousand eight hundred and seventy-eight, with force and arms, at Chelsea aforesaid, did feloniously and maliciously incite, move and procure, aid, counsel, hire and command the said person as aforesaid unknown the said felony and abortion, in manner and form aforesaid, then and there to do and commit: against the peace of said Commonwealth, and the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment. *Colburn*, J., overruled the motion. The defendant was then tried, and the jury returned a verdict of not guilty on the first count, and of guilty on the second count, but that the death of Clark did not result from the miscarriage as alleged in the indictment. The defendant alleged exceptions, the substance of which appears in the opinion.

*A. Russ & D. A. Dorr*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

MORTON, J. The defendant seasonably filed a motion to quash the indictment. We need consider it only so far as applicable to the second count, the jury having returned a verdict of not guilty upon the first count.

1. The second count is framed under the Gen. Sts. *c.* 168, § 3, which provides that " whoever aids in the commission of a felony, or is accessory thereto before the fact, by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner prescribed for the punishment of the principal felon." The count, after averring the commission of the felony by some person unknown, alleges that the defendant " before the said felony and abortion was committed in manner and form aforesaid, to wit, on the eleventh day of November in the year of our Lord one thousand eight hundred and seventy-eight, with force and arms, at Chelsea aforesaid, did feloniously and maliciously incite, move and procure, aid, counsel, hire and command the said person as aforesaid unknown the said felony and abortion, in manner and form aforesaid, then and there to do and commit."

This sufficiently charges the offence of being an accessory before the fact to the felony described. It is clearly insufficient as a charge that the defendant was present aiding and assisting in the commission of the principal felony, and so was a principal in the second degree under the Gen. Sts. *c.* 165, § 9. The word " aid " might be applicable to such a charge, but, taken in connection with the context, and especially with the allegation that the aid was rendered " before the said felony and abortion was committed in manner and form aforesaid," no construction is admissible except that it was intended to, and does, charge that the defendant was an accessory before the fact to the felony. The defendant contends that the indictment is insufficient, because, although it alleges that the principal felon unlawfully used some unlawful means, with the intent to procure an abortion, yet it is not alleged that the defendant incited or procured said acts to be done with a like intent, or with any unlawful intent. But the allegation that the defendant maliciously and feloniously incited and procured the principal to commit the felony, *ex vi termini,* imports that she acted with an unlawful intent. An innocent person, with no knowledge that a felony is to be committed, cannot be said to incite, or hire, or procure a felony to be committed. The allegation of the indictment necessarily involves and requires proof of a guilty knowledge or intent on the part of the defendant. The form of the indict-

ment in this case is like the form given in approved books of precedents, and used in previous cases which have come before this court. Stark. Crim. Pl. (2d ed.) 281. 2 Chit. Crim. Law (5th Am. ed.) 5. Archb. Crim. Pl. (10th ed.) 686–689. Davis Crim. Justice, (3d ed.) 289–290. *Commonwealth* v. *Brooks*, 9 Gray, 299.

2. The defendant's second reason for quashing the indictment is because the phrase " by means of the said unlawful means as aforesaid " the said Anna died, is unintelligible. This is a sufficient allegation that she died by reason of the use of the unlawful means; but it is now unimportant, as the jury have found that she did not die in consequence of the unlawful acts done to produce the abortion.

3. The defendant's objection that the two counts of the indictment are improperly joined, there being no allegation that they are different descriptions of the same act, cannot prevail. The two counts do not charge different offences, but the same offence, the only difference being in the allegations of the means by which it was committed. It has been usual to join several counts charging the same offence by different descriptions. The St. of 1861, *c.* 181, was not intended to impose upon the criminal pleader new restrictions, but to enable him to join several counts describing different offences which could not be joined at common law. *Commonwealth* v. *O'Connell*, 12 Allen, 451. *Commonwealth* v. *Cain*, 102 Mass. 487. But if there had been a misjoinder of these two counts, it would have been cured by the verdict of the jury acquitting the defendant upon the first count. *Commonwealth* v. *Packard*, 5 Gray, 101. *Commonwealth* v. *Holmes*, 103 Mass. 440.

For these reasons, we are of opinion that the motion to quash was rightly overruled.

We are also of opinion that the exceptions taken at the trial must be overruled. The court properly refused to rule that there was no evidence to justify a verdict of guilty. The evidence tended to show that the defendant received the said Anna F. Clark to board, knowing her condition, for the purpose of having an abortion procured upon her, and that she procured a physician to operate upon her and produce the abortion. It was for the jury to say whether it satisfied them that she was an accessory before the fact to the abortion.

The court also rightly refused to rule that the jury could not convict the defendant when they were satisfied that the death of the said Anna was in consequence of the means used to produce an abortion. The allegation that the victim of the abortion died in consequence thereof is only an allegation of an aggravation of the offence charged. Without it, a complete offence is set out in the indictment. *Commonwealth* v. *Thompson*, 108 Mass. 461, and cases cited. The jury might properly convict of the offence charged without the aggravation. It is sufficient to prove so much of the offence charged as constitutes an offence punishable by law. *Commonwealth* v. *Griffin*, 21 Pick. 523. *Larned* v. *Commonwealth*, 12 Met. 240. *Commonwealth* v. *O'Brien*, 107 Mass. 208.

The only remaining exception is that taken to the order of the court that the verdict should be taken and recorded. This exception cannot be sustained. When the jury returned into court and stated through the foreman that they had agreed that the defendant was guilty of being an accessory before the fact to the crime of abortion, but had not agreed whether the death of the victim of the abortion resulted therefrom, the district attorney in good faith offered to enter a *nolle prosequi* as to that part of the indictment, if the defendant would consent. At this stage of the trial he could not do so without the consent of the defendant. *Commonwealth* v. *Scott*, 121 Mass. 33. We cannot see anything objectionable in his making this offer in the case at bar. It could not prejudice the defendant, and the record shows that its effect was favorable to her, as the jury afterwards agreed, acquitting her of this matter of aggravation.                    *Exceptions overruled.*