[No. 1785]

## THE STATE OF NEVADA, RESPONDENT, *v.* BARNEY HUGHES, APPELLANT.

1. CRIMINAL LAW—APPEAL—QUESTION FIRST RAISED ON APPEAL—SUFFICIENCY OF INDICTMENT.

When questioned for the first time on appeal, an indictment will be held sufficient unless it is so defective that by no construction within the reasonable limits of the language used can it be said to charge the offense for which defendant was convicted.

2. ROBBERY—INDICTMENT—INTENT—"IN PURSUANCE OF."

The phrase "in pursuance of," according to Webster, means "in accordance with; in prosecution or fulfillment of"; and an indictment alleging that defendant assaulted prosecutor with a deadly weapon, and "in pursuance of said assault" attempted to rob him, etc., means "in fulfillment of," rendering the indictment sufficient to charge an assault with intent to rob.

3. ROBBERY—INDICTMENT—"FELONIOUSLY."

In an indictment alleging that defendant assaulted the prosecutor and attempted to feloniously rob him, the word "feloniously" means "done with intent to commit" the crime (citing Words and Phrases, vol. 3, p. 2731).

4. CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

In a prosecution for assault with intent to rob, where the assault on the prosecutor was not questioned and the contested issue was the identity of defendant, an error in an instruction as to what constitutes an assault was harmless.

5. WITNESSES—COMPETENCY—KNOWLEDGE OF CUSTOM.

The custom of manufacturers of guns and revolvers of placing a distinguishing number on each instrument may be shown by a hardware merchant who also deals in firearms, and has gained his knowledge in the course of trade and through the statements of others engaged in the business.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan,* Judge.

Barney Hughes was convicted of assault with intent to commit robbery, and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Clarence C. Ward,* for Appellant:

I. The indictment does not state facts sufficient to constitute the crime charged therein, or any other crime punishable at law, because the indictment does not allege that the acts done by the defendant were done with the intent to

commit the crime of robbery. In every crime or public offense there must be a union or joint operation of act and intention, or criminal negligence. (Comp. Laws, 4655.) When specific intent is required, either by common law or by statute, to constitute the crime, such specific intent enters into the nature of the act itself and must be alleged and proved beyond a reasonable doubt. (*Comm.* v. *Wilson*, 30 Conn. 500; *Thompson* v. *People*, 96 Ill. 158; *Comm.* v. *Willard*, 22 Pick. 476; *State* v. *Colvin*, 90 N. C. 717; *State* v. *Napper*, 6 Nev. 113; *State* v. *Lung*, 21 Nev. 209; *State* v. *Newton*, 4 Nev. 410; *Comm.* v. *Clark*, 6 Grat. 675; *Ogletree* v. *State*, 28 Ala. 693; *Felker* v. *State*, 54 Ark. 489; *People* v. *Mize*, 80 Cal. 41; *State* v. *Simpson*, 59 Ala. 1.)

II. The indictment does not set out the acts done, or the mode and manner of the attempt. "The indictment must be direct and contain  *  *  *  the particular facts of the offense charged, so far as necessary to constitute a complete offense." (Comp. Laws, 4199.)

*R. C. Stoddard*, Attorney-General, for Respondent:

I. In an indictment for an assault to rob it is not necessary to describe the property which the defendant intended to take, nor is it essential to aver that the defendant intended to deprive the owner of the property of the value of it. (*Crumes* v. *State*, 28 Tex. App. 518.) In this case the facts proven fully establish, and the indictment properly alleges, the crime. (*State* v. *Montgomery*, 109 Mo. 645.) The indictment did not need to set forth the acts done. (*Dickerson* v. *Comm.*, 2 Bush, Ky. 1; *Taylor* v. *Comm.*, 3 Bush, Ky. 508; *Holohan* v. *State*, 32 Md. 339; *Morris* v. *State*, 13 Tex. App. 65.)

II. Criminal intent can only be proven as a deduction from declarations or acts; when the acts are established, the natural and logical deduction is that defendant intended to do what he did do, and if he offers no excuse or palliation of the acts done, such deductions become conclusive. (*State* v. *McGinnis*, 6 Nev. 448.) The intent to rob must be alleged, and the person intended to be robbed, but the indictment need not describe the particular property which the defendant intended to take.

III.   In this case the defendant did not merely make preparations to rob, but he actually made a physical attempt to rob, and in doing so assaulted Sander by drawing on him a deadly weapon.   (*People* v. *Wells*, 145 Cal. 140.)

By the Court, NORCROSS, C. J.:

This is an appeal from the judgment and from an order denying appellant's motion for a new trial.

Appellant was tried and convicted of the crime of assault with intent to commit robbery upon an indictment, the body of which reads as follows: "Defendant, Barney Hughes, above named, is accused by the grand jury of Esmeralda County, State of Nevada, by this indictment found this 5th day of March, A. D. 1908, of a felony, to wit, the crime of assault with intent to commit robbery, committed as follows, to wit: Said defendant, Barney Hughes, on the 24th day of February, A. D. one thousand nine hundred and eight, or thereabouts, and before the finding of this indictment, in the County of Esmeralda, State of Nevada, then and there having the present ability so to do, did then and there unlawfully assault A. Sander with a deadly weapon, to wit, a loaded revolver, and said defendant, Barney Hughes, did then and there, in pursuance of said assault, attempt feloniously and violently to take from the person of said A. Sander, by force and intimidation, money, goods and chattels then and there the property of said A. Sander; all of which is contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Nevada."

It is contended by counsel for appellant that this indictment is fatally defective, in that it does not allege that the acts done by the defendant were done with the intent to commit the crime of robbery.   The record does not disclose that the indictment was demurred to or that a motion in arrest of judgment was interposed.   The sufficiency of the indictment appears, therefore, to be questioned for the first time upon appeal.   The indictment, it must be admitted, is far from being a model.   Where, however, the sufficiency of an indictment is questioned for the first time upon appeal, it will not be held insufficient to support the judgment, unless it is so

defective that by no construction, within the reasonable limits of the language used, can it be said to charge the offense for which the defendant was convicted.

Considering the provisions of our statute governing indictments, this court in *State* v. *Lovelace*, 29 Nev. 43, said: "The subject is governed by the sections following concerning indictments: Section 4199, Comp. Laws, provides that the indictment shall contain 'a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.' Section 4206, Comp. Laws, has the following: 'The words used in an indictment shall be construed in the usual acceptance in common language, except such words and phrases as are defined by law, which are to be construed according to their legal meaning.' Section 4208, Comp. Laws, provides: 'Sixth—That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.' Section 4209 is as follows: 'No indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant.' The foregoing enactments show that it was the intention of the Legislature of Nevada that in construing indictments the courts should not indulge in a too exact and over-nice view of language; but that certainty to a common intent was all that should be required. * * * The sections of the statute above quoted show the legislative intent was that the courts of the state should give interpretations liberal to sustain rather than rigid to overthrow indictments, when * * * substantial rights of defendants are not thereby prejudiced."

"In pursuance of," according to Webster, means, "in accordance with; in prosecution or fulfillment of." Therefore, the indictment, in effect, alleges that in fulfillment of the alleged assault the defendant did then and there attempt feloniously and violently to take from the person of A. Sander, by force and intimidation, money, etc. If a thing is done in fulfill-

ment of some other act, done contemporaneously, it is but a reasonable deduction that such other act is done with the intent to carry out that which is in fulfillment thereof. An allegation that robbery is the fulfillment of the assault with the deadly instrument may be regarded as of the same effect, we think, as an allegation that the assault was made with the intent to rob.

The word "feloniously," used in the body of the indictment, in a legal sense, means, "done with intent to commit crime." Its use in an indictment has uniformly been held to be a sufficient averment of the intent necessary to constitute the crime. (*State* v. *Douglas*, 53 Kan. 669, 37 Pac. 172; *State* v. *Halpin*, 16 S. D. 170, 91 N. W. 605; *People* v. *Willett*, 102 N. Y. 251, 6 N. E. 301; *Phelps* v. *People*, 72 N. Y. 334; *People* v. *Dumar*, 42 Hun, 80; *State* v. *Rechnitz*, 20 Mont. 488, 52 Pac. 264; *State* v. *Smith*, 31 Wash. 245, 71 Pac. 767; *State* v. *Boyle*, 28 Iowa, 522; *People* v. *Butler*, 1 Idaho, 231; *People* v. *Lopez*, 90 Cal. 606, 27 Pac. 427; *Comm.* v. *Adams*, 127 Mass. 15; 3 Words and Phrases Judicially Defined, 2731.)

Had the word "feloniously" been used directly to qualify the word "assault," it could be said with a greater degree of clearness that the intent is sufficiently alleged. However, in view of the fact that the formal part of the indictment acquainted the defendant with the specific crime with which he was intended to be charged, and the body of the indictment contains language which is capable of being construed into the equivalent of a charge of the essential element of intent, and the indictment not having been questioned in the lower court, we are not disposed to hold it fatally defective. There is nothing whatever to indicate that the defendant was misled by the form of the indictment, or that he at any time failed to fully appreciate that he was indicted for and was being tried for the crime of assault with intent to rob.

Appellant assigns error in the giving of instructions by the court, of its own motion, Nos. 4, 6, and 8. Instruction No. 4 reads: "The jury are instructed that in order to constitute an assault with a deadly weapon, a loaded revolver, it is not necessary that such revolver be discharged or used upon the person alleged to have been assaulted with said revolver, and,

if the jury find from the evidence beyond a reasonable doubt that at the place and on the date alleged in the indictment the defendant pointed a loaded revolver at the person named in the indictment, that would constitute an assault." ·

Counsel for appellant in reference to this instruction says: "In this instruction the court instructed the jury that the mere pointing of a loaded revolver by one person at another without regard to the intent or lack of any intent, or attempt or lack of attempt on the part of the person pointing the revolver, would constitute an assault." Conceding, for the purposes of this case, that the instruction may be subject to the criticism made, nevertheless we would not regard it as constituting prejudicial error in this case. An assault with a loaded revolver was clearly proven without any contradiction whatever to have been made upon the said A. Sander. The only serious question for the jury to determine in this case upon which there could be said to be any conflict in the evidence was upon the question of the identity of the assailant of the said A. Sander. The defendant at the trial sought to establish an alibi. The complaining witness was unable to identify his assailant, and his identity was established by circumstantial evidence. Where the assault was clearly established by the evidence, and the question for the jury to determine was practically whether or not the defendant was the assailant, an error in an instruction as to what would constitute an assault could not prejudice the defendant.

These observations apply with equal force to the objections made to instruction No. 6.

The objections interposed to instruction No. 8 are based upon the assumption that the indictment fails to charge the offense for which defendant was convicted, and requires no further consideration.

When the assault was made upon A. Sander, the complaining witness, he grappled with his assailant and wrested from him a revolver. It was sought by the state to identify the revolver in question as being the property of the defendant by the number thereon. A witness testified that some time prior to the assault he had made a memorandum of the number upon a revolver then carried by the defendant, and that such

number corresponded with the number upon the revolver which the said A. Sander had taken from his assailant.

For the purpose of proving that it was the custom or practice of the manufacturers of guns to place upon each gun manufactured of any certain pattern a particular number the state called one M. J. Sullivan as a witness. The witness testified that he had been engaged in the hardware business for a number of years, and that for the past two and one-half years he had also dealt in guns and ammunition; that he was familiar with the makes of guns; that he knew that in the manufacture of guns there is an individual mark placed on each gun; that the manufacturer puts a number on each one of his guns, so that the gun is registered when it is sent out from the factory and they know just to whom a particular gun is sent; that there is such a number upon the gun in question; that the same number would not appear upon any other gun of the same make and pattern. Upon cross-examination the witness testified as follows:

Q. What you know, or what you have testified to, do you know from experience in manufacturing or sending out new guns? A. I know from actual experience in handling guns and selling them.

Q. Such guns as you have had, you have noticed had numbers on them, is that not true? A. I know. I have been told so by people who were in the wholesale business just what that number represented.

Q. Your knowledge and the evidence you have given is based upon that information you have gotten from the wholesalers, is it? A. Yes, sir.

Mr. Ward—If your honor please, at this point, we move to strike out all the testimony of the witness, because it is disclosed by certain testimony that his knowledge is based upon hearsay.

Motion denied. Exception.

Redirect examination: Question by Mr. Walsh—You acquired this knowledge in the usual course of business? A. I did.

Witness excused.

Counsel for the appellant contends this testimony was

incompetent because based on hearsay.  Neither counsel for appellant nor for the state have cited any authorities that would assist the court in determining the question of the competency of testimony given by a witness relative to the custom of a particular manufacturing business, where knowledge of that custom was largely based upon information acquired from others in the ordinary course of trade.  12 Cyc. 1102, says: "The witness or witnesses called to give evidence of the existence of a usage may do so from their own knowledge and experience or from information derived through the course of trade.  All that is necessary is that they should have occupied such a position as to know of its existence as a fact."

In *Allen* v. *Merchants Bank*, 15 Wend. (N. Y.) 482, 489, the court said: "Traders and merchants are quite competent to prove from their own knowledge as well as from information derived through others in the course of trade the practice in respect to a particular branch of business.  *  *  *" We think this rule ought to and does apply to the custom or practice of manufacturers of firearms to place a particular identifying number upon each piece manufactured, and that a witness who has gained a knowledge of such a custom or practice in the ordinary course of trade is competent to testify to the fact of the existence of such custom or practice, even though such knowledge has been largely acquired through the statements of others engaged in the particular business.  We think the court did not commit error in the admission of this testimony.

No prejudicial error appearing in the record, the judgment should be affirmed; and it is so ordered.