[No. 1935]

THE STATE OF NEVADA, APPELLANT, *v.* H. R. KRUGER, RESPONDENT.

1. CRIMINAL LAW—APPEAL—SUFFICIENCY OF INDICTMENT.
   Where the sufficiency of an indictment is questioned for the first time on appeal, it will be construed more liberally than in cases where the objection is properly made before trial.

2. FORGERY—INDICTMENT—SUFFICIENCY—KNOWLEDGE.
   An indictment, charging that the defendant "did falsely and feloniously forge" a check, sufficiently charged that he knew the false or forged character of the check, especially where not objected to before trial.

APPEAL from the Ninth Judicial District Court of the State of Nevada, White Pine County; *Thomas L. Mitchell,* Judge.

H. R. Kruger was prosecuted for forgery and a demurrer sustained to the indictment.   The State appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Cleveland H. Baker,* Attorney-General, and *C. R. Reeves,* ex-District Attorney, for the State.

*C. A. Eddy,* for Respondent.

*Per Curiam:*

This is an appeal by the state from an order sustaining a demurrer and presents the question of the sufficiency, to charge a public offense, of an indictment reading in its material parts as follows: "The said H. R. Kruger on or about the 28th day of July, A. D. 1910, and before the finding of this indictment, in the County of White Pine and State of Nevada, did feloniously and falsely forge, utter and publish as true a certain piece of paper called a bank check, for the payment of money, forged and counterfeited, said check being as follows: 'The First National Bank of Ely, Ely, Nevada, July 28, 1910.   No. _____.   Pay to the order of H. R. Kruger $14.00 fourteen dollars.   A. A. Marshall' — with intent to defraud the First National Bank of Ely, or J. B. Hazlett or some per-

son or persons to the jurors unknown.  All of which is contrary," etc.

It is conceded that the indictment is based upon the provisions of section 77 of the crimes and punishments act of 1861 (Stats. 1861, c. 28; Cutting's Compiled Laws, sec. 4728), the material portion of which, so far as the question here involved is concerned, reads: "Every person who shall falsely make, alter, forge, or counterfeit any  *  *  *  check, draft, bill of exchange, contract, promissory note, due bill for the payment of money or property,  *  *  *  with intent to damage or defraud any person or persons, body politic or corporate,  *  *  *  or shall utter or publish, pass or attempt to pass, as true and genuine, any of the above-named false, altered, forged, or counterfeited matters, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage or defraud any person or persons, body politic or corporate, shall be punished," etc.  (See Revised Laws, sec. 6663.)  The record discloses that the demurrer raising the question of the sufficiency of the indictment was not interposed until upon the trial after the state had offered its evidence and rested.

While the statute (Cutting's Compiled Laws, sec. 4259; Revised Laws, sec. 7105) provides that an objection, that the indictment does not state facts sufficient to constitute a public offense, may be taken at the trial under a plea of not guilty, and the courts have held that the question may be raised for the first time upon appeal (*State* v. *Trolson,* 21 Nev. 419; *State* v. *Hughes,* 31 Nev. 270), nevertheless, there ought to be and is a more liberal rule indulged by the courts in construing indictments when the question is not raised prior to the trial and in the more orderly manner prescribed for disposing of such questions.  In the recent case of *State* v. *Raymond,* 34 Nev. 203, we said: "It has been the tendency of courts in recent years to be less technical than formerly in construing indictments, especially so where no demurrer was interposed to the indictment and an opportunity afforded to cure the defect prior to trial."  Where an indictment

was not questioned until the first time on appeal, we held, in *State* v. *Hughes, supra:* "It will not be held insufficient to support the judgment, unless it is so defective that by no construction, within the reasonable limits of the language used, can it be said to charge the offense, for which the defendant was convicted." In respondent's brief, the only alleged defect relied on to establish the contention that the indictment fails to charge a public offense is that it fails to charge the defendant with knowledge that the check set out in the indictment was false or forged. While it must be conceded that knowledge upon the part of the defendant of the false or forged character of the instrument he is charged with uttering, publishing, passing, or attempting to pass is essential to be alleged in the indictment, no particular form of allegation is required. It is sufficient if the statutory requirement is complied with, that the facts constituting the offense be charged "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

The indictment in question charges that the defendant "did feloniously and falsely forge * * * said check * * * with intent to defraud." The words "feloniously," "falsely," and "forge," all have well-defined and well-understood meanings. (*State* v. *Hughes, supra,* and authorities therein cited.) If a person feloniously and falsely forged a check, he must know the character of instrument he has made, and such a charge in an indictment that the defendant did feloniously and falsely forge an instrument ought to be held to include a sufficient charge of knowledge upon the part of the defendant of his own act, especially where the question is not raised before the trial. See, also, *State* v. *McKiernan*, 17 Nev. 224.

Counsel for respondent relies on the cases of *State* v. *Swensen*, 13 Idaho, 1, 81 Pac. 379, and *People* v. *Mitchell*, 92 Cal. 590, 28 Pac. 597, 788, as supporting his contention that the indictment fails to state a public offense. We have examined these cases, and, in so far as there may

be any conflict in views from those here expressed, we are not disposed to follow them. In both cases there were dissenting opinions holding the indictments under consideration in those cases to be sufficient.

The order sustaining the demurrer should, we think, be reversed, and it is so ordered.