FRED L. WOOD, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 3253

December 2, 1939.                     96 P. (2d) 441.

*J. M. Frame* and *Harry G. Pray,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General; and *N. E. Conklin,* for Respondent:

## OPINION

By the Court, TABER, C. J.:

Appellant was convicted of neglect of duty in that, as district attorney, he received and had in his possession and custody certain county money which he failed and neglected to pay into the treasury of Mineral County, it being his duty to pay over the same as aforesaid. He was sentenced to pay a fine of $500 and was removed from office.

He has appealed from the judgment of conviction and from an order denying a new trial. The notice of appeal reads as follows: "The defendant above named, Fred L. Wood, hereby appeals from the judgment of conviction rendered in the above entitled matter on the 22nd day of June, 1938, and from the order denying a motion for new trial heretofore entered in the above entitled case. This appeal is taken from the judgment and the whole thereof, upon the following grounds,

to-wit: 1. That the court misdirected the Jury in matters of law, and has erred in the decision of questions of law arising during the course of the trial: 2. That the verdict is contrary to law and evidence."

The grounds upon which appellant asks a reversal are: (1) That the third count of the information, being that under which he was convicted, does not state facts sufficient to constitute a public offense; (2) that the information shows on its face that any offense attempted to be alleged therein was barred by the statute of limitations; (3) that appellant was denied the right to be represented by counsel at his arraignment; (4) that appellant was denied his statutory right to be allowed at least one° day in which to answer the information; (5) that appellant was denied the assistance of counsel when the state's motion for change of venue was heard and granted; (6) that the affidavits upon which the motion for change of venue was based stated mere conclusions, and were insufficient to vest the court with jurisdiction to order such change; (7) that appellant was deprived of his right to at least one day's notice after the entry of his plea before the hearing of the state's application for a change of venue; (8) that the appellant, under the statute, was entitled to be tried in Mineral County; (9) that the trial judge who presided at the time of appellant's arraignment and at the time of the state's application for change of venue was heard and granted, erred in not disqualifying himself when the application and affidavit for change of judge on account of prejudice against the defendant was first made; (10) that the sentence imposed upon appellant violates the constitutional provisions prohibiting the imposition of unreasonable fines and cruel and unusual punishment. Const. art. 1, sec. 27.

■ The record on this appeal is in a very unsatisfactory condition. There is no bill of exceptions, and we are therefore limited to a consideration of the record of the action, which, under the statute, sec. 11061 N. C. L. 1929, is made up of the following papers: "1. A copy

of the minutes of any challenge which may have been interposed by the defendant to the panel of the grand jury, or to any individual grand juror, and the proceedings thereon; 2. The indictment or information and a copy of the minutes of the plea or demurrer; 3. A copy of the minutes of any challenge which may have been interposed to the panel of the trial jury, or of any individual juror, and the proceedings thereon; 4. A copy of the minutes of the trial; 5. A copy of the minutes of the judgment; 6. The decision of the court upon matters of law deemed excepted to, if such decision is in writing, and a copy of the minutes showing any decision deemed excepted to; 7. Any written charges given or refused by the court, with the endorsements thereon; 8. The affidavits and counter affidavits, if any, used on the hearing of a motion for a new trial; 9. The bill of exceptions, if any, when settled, shall be attached to the foregoing and become a part of the record." In the instant case many papers are included in the record which have no proper place therein.

It does not appear, from the record of the action, that the sufficiency of the information was questioned in the trial court. The claim that the information shows on its face that any offense attempted to be alleged therein was barred by the statute of limitations, is set up for the first time in appellant's opening brief on appeal. The contention that the information does not state facts sufficient to constitute a public offense because it does not show that defendant violated any duty imposed by law, was presented for the first time on the oral argument in this court. Neither of these contentions was urged in the trial court by way of demurrer, motion in arrest of judgment or otherwise.

■ In State v. Hughes, 31 Nev. 270, 102 P. 562, the court said: "Where, however, the sufficiency of an indictment is questioned for the first time upon appeal, it will not be held insufficient to support the judgment, unless it is so defective that by no construction, within the reasonable limits of the language used, can it be said

to charge the offense for which the defendant was convicted."

The prosecution in the case at bar was based upon the alleged failure of the defendant to turn over to the county certain county moneys which had been entrusted to him as district attorney. The first count in the information alleged that said failure was in violation of his duty and trust, willful, unlawful, felonious and with intent to steal. The second count charged that said failure was unlawful, willful, felonious and with intent to cheat.

The third count, under which defendant was convicted, reads as follows: "Informant alleges: That the defendant, Fred L. Wood, on or about the fifth day of October, 1933, and prior to the filing of this Information, at the County of Mineral, State of Nevada, he, the defendant Wood, being then and there, and at all of the times herein mentioned, a public officer, to-wit, the duly elected, qualified and acting District Attorney in and for the County of Mineral, State of Nevada, was guilty of, and did neglect the duties imposed upon him as such officer, in this: That said Wood, as such officer, did receive and have in his possession and custody the sum of two hundred and seventy three and $^{40}/_{100}$ dollars, paid unto him by the Tonopah and Goldfield Railroad Company, as a portion resulting from a compromise of delinquent taxes due and owing from said Company to the County of Mineral, State of Nevada, and which moneys were then and there the property of and was due to and payable unto the said County of Mineral. That on, or about the fifth day of October, 1933, said Wood was then and there guilty of neglect of duty, in that, he failed and neglected to pay the aforesaid moneys into the treasury of the County of Mineral, State of Nevada, and the said moneys being then and there moneys and property of said County, and it being his duty to pay over the same as aforesaid."

Each count alleged that the offense was committed in a secret manner, and remained secret until about July

1937. The information also charged that the offenses set out in all three counts "grew out of, arose from and emanated from the same state of facts and offense and at the same time."

Section 2084 N. C. L. 1929 provides that: "The district attorney may be indicted for a misdemeanor in office, or neglect of duty, and be punished by fine not exceeding one thousand dollars, or by removal from office, or by both such fine or removal from office, said fine to be paid into the county treasury for county purposes."

■ An indictment for any misdemeanor must be found within one year after its commission. Section 10721 N. C. L. 1929. But section 10722 N. C. L. 1929 provides that: "If a felony or misdemeanor is committed in a secret manner, an indictment for the same must be found within the periods of limitation prescribed in the two last preceding sections after the discovery of the offense; provided, that if any indictment found within the time thus prescribed is defective so that no judgment can be given thereon, another prosecution may be instituted for the same offense within six months after the first is abandoned."

■ Appellant contends that the allegation that the offense was secretly committed is a mere conclusion of law, and that from the very nature of the offense the matters charged were necessarily facts within the knowledge of the public officials. He further urges that count three does not show that defendant violated any duty imposed by law. This contention, made for the first time in oral argument on this appeal, was elaborated upon in a later brief filed in response to a request by the court for briefs on entirely different questions. The information is not perfectly drawn, but we find no fatal defect in count three, and under the rule announced in State v. Hughes, supra, we hold that neither of the attacks made on that count is well taken.

■ Appellant contends that he was denied the right to be represented by counsel at his arraignment. The

trial court's minutes of April 22, 1938, are in part as follows: "Plaintiff represented in court by N. E. Conklin, Special Deputy Attorney General. Defendant in Court without Counsel. The matter of the arraignment having been set for this time, the Court stated that it would proceed with the arraignment at this time. The Defendant entered his objection to any proceeding at this time as he was not represented in Court by Counsel. Objection overruled and an exception noted to the Defendant. An Information having been filed herein against the Defendant, the Clerk was directed to read the same to the Defendant. The Information was read, the Defendant admitted that Fred L. Wood was his true name, and a certified copy thereof was handed the Defendant. Upon being asked to enter a plea to the said Information, the Defendant declined to enter any plea at this time. The Defendant refusing to enter a plea, a plea of not guilty was entered by the Court to both counts as contained in the Information. The Defendant renewed his objection which was overruled by the Court and an exception noted unto the Defendant."

Other court minutes in the record show that defendant did have counsel; that on April 8, 1938, on defendant's motion based on unavoidable absence of his attorney, the arraignment was continued until April 12; that on April 12, on motion of defendant, again based on absence of his counsel, the arraignment was continued until April 18; and that on April 18, the arraignment was again postponed until April 22, and the clerk was directed to notify counsel. It will thus be seen that before April 22 there had already been three continuances. Under these circumstances, there being nothing else before us, it will be presumed that the trial court exercised a sound discretion in proceeding with the arraignment.

■ It is claimed by appellant that he was denied his statutory right to be allowed at least one day to answer the information   Section 10886 N. C. L. 1929 provides that if on the arraignment the defendant requires it, he

must be allowed a reasonable time, not less than one day, to answer the information. Defendant, who was not only a licensed attorney, but a district attorney, did not require of the court that he be allowed a reasonable time to plead. He stood on his general objection to any proceedings being had in the absence of his counsel.

■ Furthermore, with respect both to the arraignment in the absence of counsel and defendant's not being allowed at least one day to answer the information, the record is silent as to any step taken by defendant for the purpose of setting aside the trial court's action in these particulars. It would have been within that court's discretion to allow defendant to withdraw the plea of not guilty, for the purpose of demurring or moving to set aside the information. 7 Cal. Jur. 999, sec. 135.

Appellant contends that the judgment and order should be reversed because he was denied the assistance of counsel when the state's motion for change of venue was heard and granted and was deprived of his right to at least one day's notice after entry of his plea before the hearing of said motion; and for the further reason that the affidavits upon which the motion for change of venue was based stated mere conclusions, and were insufficient to vest the court with jurisdiction to order the change.

The trial court minutes of April 22, 1938, show the following: "On the motion for Change of Venue to be heard at this time, an objection was interposed by the Defendant to any proceedings at this time on this matter. Objection overruled and an exception to ruling of the Court noted unto the Defendant. It is ordered, that this action be changed to the Fifth Judicial District Court in and for the County of Nye, State of Nevada. The Clerk is directed to forward all of the records in the action by certified copies thereof. Objection to the foregoing order of the Court in the matter of the Change of Venue was interposed by the Defendant. Objection overruled and an exception noted unto the Defendant."

The minutes of the trial for June 21, 1938, show the

following proceedings just before the jury box was filled for voir dire examination: "A. J. Maestretti, Esq., objects to further proceedings in this case on the ground that this Court has no jurisdiction. N. E. Conklin, Esq., presents argument. The Court: The objection to the Court proceedings to this trial will be overruled. The Court feels that this is a matter that should have been taken care of at the time the application for the change was made."

The minutes for June 21, while the trial was in progress, contain the following: "Mr. Maestretti renews motion as to further proceedings in this case upon all the grounds and authorities offered in his motion at the beginning of this trial. The Court: Motion will be denied."

The minutes of June 23 include the following: "The Defendant, Fred L. Wood, being asked by the Court if he had any legal cause to show why judgment should not be pronounced answered he had no comment to offer. At this time A. J. Maestretti, Esq., moves the Court for a new trial. The Court: The motion for a new trial will be denied and the Defendant is given an exception to the ruling of the Court."

■ Copies of the notice of motion and motion for change of venue, and of the affidavits in support of the motion, are included in the record on appeal, but have no proper place therein and cannot be considered. The court minutes do not show the ground or grounds upon which defendant objected to the court's proceeding with the hearing of the motion, nor his ground or grounds of objection to the order changing the place of trial. The record shows nothing whatever done by defendant to set aside said order, until the beginning of the trial in Nye County. The minutes of June 21, 1938, indicate that defendant's objection to the jurisdiction was based, at least in part, on the action of the district court for Mineral County in ordering a change of the place of trial to Nye County. But the grounds of the objection do not appear here or elsewhere in the record. The

record affirmatively shows that a motion for new trial was made, but the grounds of the motion nowhere appear, and there is no bill of exceptions.

■ On August 12, 1939, appellant applied to this court for an order permitting him to apply to Honorable James Dysart, who presided at his trial, to correct the minutes of the trial court in respect to the ground of the objection of appellant to the jurisdiction of the court made at the beginning of the trial, also near the close of the State's case when said objection was renewed, and further for permission to supply the place of a written motion for a new trial, and to show the grounds thereof. An amended and supplemental motion suggesting diminution of the record was filed August 24, 1939. These motions were made months after the case was originally briefed, orally argued and submitted for decision, and then only after the court had called for briefs concerning its power to consider a number of alleged errors in view of the unsatisfactory condition of the record. Aside from the question whether the court can lawfully grant the orders applied for in these motions (State v. Hunter, 48 Nev. 358, 232 P. 778, 235 P. 645), no good reason appears for the long delay in making them, and we think it would not be exercising proper discretion to grant them. They are hereby denied.

■ The eighth, ninth, and tenth grounds urged for reversal are wholly without merit.

The judgment and order appealed from are affirmed.

### ON PETITION FOR REHEARING

March 6, 1940.

J. M. *Frame,* for Appellant.

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General.

# OPINION

By the Court, TABER, C. J.:

Section 2078 N. C. L. 1929, being section 9 of an act concerning district attorneys (Stats. of Nevada 1865, p. 386), provides that the district attorney "shall, on the first Mondays of May, August, and November, in each year, file in the office of the county treasurer an account in writing, certified by oath, of all moneys received by him in his official capacity during the preceding three months, and shall, at the same time, pay it over to the county treasurer."

The third count of the information under which appellant was convicted is set forth in full in our original opinion (Wood v. State, 59 Nev. 445, 96 P.(2d) 441. Appellant contends that even if all the allegations of this count be taken as literally true, it fails to state facts sufficient to constitute a public offense, for the reason that the statute did not require him to pay the moneys in question into the treasury until November 1933.

The respondent takes the position that said objection was waived by failure to demur in the trial court. The state also claims that, aside from the question of waiver, said third count does state facts sufficient to constitute a public offense. The further contention is made by the state that section 2078 N. C. L. 1929 does not apply to accounting of tax moneys by district attorneys. In support of this last proposition respondent cites Statutes of Nevada 1933, chap. 171, p. 235; section 6439 N. C. L. 1929, and section 6469 N. C. L. 1929.

The petition must be denied for the reason that the point upon which it is based was raised for the first time on petition for rehearing. The contention that the

third count does not state facts sufficient to constitute a public offense was not made at all in the trial court. It was made for the first time on appeal, and then only in oral argument after the briefs had been filed. At that time appellant's objection to the sufficiency of the third count was based solely upon the ground that it was not the duty of district attorneys, nor was there any statute authorizing them, to collect taxes or receive tax money. After an adverse decision affirming the judgment and order appealed from, appellant now for the first time makes the contention that the third count does not state sufficient facts for the reason that, under the statute, it was not his duty to pay money into the treasury *at the time* he is alleged to have failed and neglected to make such payment.

It has been decided by this court many times that questions raised or the first time on petition for rehearing will not be considered, and the rule applies in criminal as well as in civil cases. State v. Gee Jon, 46 Nev. 418, at 439, 217 P. 587; 3 Am. Jur. 351, sec. 806, n. 17.

Petition denied.