FRED L. WOOD, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 3253

June 26, 1940.                                      104 P. (2d) 187.

For former opinions, see 59 Nev. 445, 96 P. (2d) 441; 99 P. (2d) 644.

*J. M. Frame* and *Harry G. Pray,* for Appellant.

*Gray Mashburn,* Attorney-General, *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, for Respondent.

## OPINION

By the Court, TABER, C. J.:

Appellant has moved this court to recall the remittitur heretofore certified to the district court, to vacate, set aside and hold for naught its opinion affirming the judgment of the district court, and to vacate and set aside the subsequent opinion of this court and the order denying appellant's petition for rehearing.

The motion is based upon the ground that this court

was without jurisdiction to affirm the judgment of conviction in the district court, because that court was itself without jurisdiction to pronounce said judgment. The alleged lack of jurisdiction is based upon the following grounds: That the information does not state facts sufficient to constitute a public offense; that the district court for Nye County had no jurisdiction of the subject matter of the action, as the offense, if any, was committed in Mineral County; that the change of venue granted by the district court for Mineral County was void, because based upon an affidavit which stated no legal cause for such change of venue; that appellant was deprived of the right to counsel at his arraignment and at the time of the granting of the change of venue; and that for all said reasons appellant was denied due process of law and the right to a fair and impartial trial.

Appellant was convicted in the district court of neglect of official duty, and appealed to this court, where the judgment of conviction and order denying a new trial were affirmed. Wood v. State, 59 Nev. 445, 96 P. (2d) 441. Thereupon he petitioned this court for a rehearing, but the petition was denied. Wood v. State, 59 Nev. 458, 99 P. (2d) 644. A reading of the opinion on appeal and the opinion on petition for rehearing will disclose that all the questions sought to be raised by the present application have already been presented and passed on by this court. There is no need of repeating here what was said in those opinions. Appellant, however, contends that the grounds for his motion to go to the jurisdiction of the court, and that he is therefore entitled to have these questions reconsidered.

Section 11105 N. C. L. 1929 provides: "After the certificate of judgment has been remitted, the appellate court shall have no further jurisdiction of the appeal, or of the proceedings thereon, and all orders which may be necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted."

The second paragraph of rule XV of this court reads:

"The court may, on its own motion, recall a remittitur in any case, for good cause, and may recall such remittitur, for good cause, upon application noticed or made within fifteen days after the filing of the same in the trial court."

██ The only case cited by appellant in support of his position that we should entertain his present motion, even after judgment of affirmance and denial of petition for rehearing, is In re Rothrock, 14 Cal. (2d) 34, 92 P. (2d) 634. In that case a motion to recall the remittitur was granted because, in issuing it, the court had inadvertently assumed that no motion for a new trial had been made, when in fact such a motion had been made. We are not confronted here with that or any similar situation. Furthermore, that case recognizes the rule that a remittitur will be recalled when, but only when, inadvertence, mistake of fact, or an incomplete knowledge of the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in an unjust decision. See 23 Cal. Law Review 354–356. In the article on criminal law in 8 Cal. Jur., at p. 641, sec. 613, the rule is thus stated: "When a remittitur has been regularly issued and filed, and there has been no violation of law or the rules of the appellate court, and no mistake of facts and no fraud or imposition practiced by the prevailing party upon the court or upon the losing party, the jurisdiction of the appellate court over the case is at an end. The judgment is final and the court is without power to recall its remittitur."

In the case at bar the remittitur was regularly issued, and there has been no inadvertence, fraud, imposition, false suggestion, misapprehension or mistake of fact. Furthermore, the court is of opinion that there is no error either in the opinion and decision on appeal or in the opinion and decision on petition for rehearing.

It is ordered and adjudged that the motion be denied.