# 131 Nev., Advance Opinion 33

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PAMELA FULBROOK, INDIVIDUALLY
AND AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF ADASHA
EDISON; MICHAEL BENNINGTON
AND ELIZABETH BENNINGTON,
HUSBAND AND WIFE; AND
MICHELLE BENNINGTON,
Appellants,
vs.
ALLSTATE INSURANCE COMPANY,
Respondent.

No. 61567



FILED

JUN 04 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

PAMELA FULBROOK, INDIVIDUALLY
AND AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF ADASHA
EDISON; MICHAEL BENNINGTON
AND ELIZABETH BENNINGTON,
HUSBAND AND WIFE; AND
MICHELLE BENNINGTON,
Appellants,
vs.
ALLSTATE INSURANCE COMPANY,
Respondent.

No. 62199

Motion to recall remittitur.

*Motion denied.*

Christensen Law Offices, LLC, and Thomas Christensen, Las Vegas,
for Appellants.

15-17026

Prince & Keating, LLP, and Dennis M. Prince and Ian C. Estrada, Las Vegas,
for Respondent.

---

BEFORE PARRAGUIRRE, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, SAITTA, J.:

These are consolidated appeals from a final judgment and a post-judgment order in an insurance matter. This court affirmed the judgments of the district court in an order entered on January 30, 2015. Pursuant to NRAP 40(a)(1), the time for filing a petition for rehearing expired on February 17, 2015. No petition for rehearing was filed, and the remittitur issued on February 24, 2015, as provided in NRAP 41(a)(1).

On February 27, 2015, appellants' counsel filed a motion to recall the remittitur. Appellants' counsel states that he did not become aware of the order of affirmance until February 26, 2015, "due to technical difficulties experienced by . . . counsel due to a virus on its servers as well as switching to a new case management system." Specifically, appellants' counsel avers that he has been experiencing difficulties with case files as well as e-mails, and the e-mail notification "slipped through." Further, counsel states that his firm has switched to a new case management system, and "all of the client files were not properly loaded into the case management system by its technicians."

Knowing that there were technical difficulties, appellants' counsel states that his office checked the status of the case on the Nevada

Supreme Court website on January 26, 2015, and no order had been issued. The site was not checked again until February 26, 2015, when counsel discovered that the order of affirmance had been entered. By that point, the time for filing a petition for rehearing had passed.

The Nevada Electronic Filing and Conversion Rules (NEFCR) provide for electronic service of documents. NEFCR 9. The rule requires that "[w]hen a document is electronically filed, the court . . . must provide notice to all registered users on the case that a document has been filed and is available on the electronic service system document repository." NEFCR 9(b). "This notice shall be considered as valid and effective service of the document on the registered users and shall have the same legal effect as service of a paper document." *Id.* Further, "[t]he notice must be sent by e-mail to the addresses furnished by the registered users under Rule 13(c)." *Id.*

The required notice to which the rule refers is the notification within the electronic filing system. When a registered user logs into his account, he can see all the notifications in his cases. In addition to the official notice within the system, an e-mail is sent to all the e-mail addresses of the attorneys on the case who are registered users and to any additional e-mail addresses those attorneys may list in their profiles. The e-mail notifications are a courtesy, and the official notification of a document filed in this court is the notification within the electronic filing system.

In the instant case, this court's electronic record reflects that an official notice of the order of affirmance was sent to appellants' counsel's electronic filing account. Additionally, an e-mail was sent to two separate e-mail addresses at appellants' counsel's law firm. Although

appellants' counsel asserts that he did not receive either of the e-mails sent, he does not indicate that he was unable to access his electronic filing account to check his notifications during this time. Indeed, he successfully accessed the account to electronically file an opening brief and multiple volumes of appendices in an unrelated case[1] on February 3, 2015, a mere four days after the order of affirmance in this case was entered. If counsel had checked the notifications in his account at that time, he would have been aware of the dispositional order. We remind counsel that it is his duty to log in to the electronic filing system and check notifications for his cases as often as is necessary to properly monitor his pending cases.

Counsel informs this court that he checked the court's website on January 26, 2015, and again on February 26, 2015. By referring to the court's "website," it is not clear whether he is referring to the electronic filing system or the public access portal of the court's case management system. Either way, he would have learned of the disposition in time to file a petition for rehearing had he checked more frequently than every 30 days.

This court has long recognized "the rule that a remittitur will be recalled when, but only when, inadvertence, mistake of fact, or an incomplete knowledge of the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in

---

[1]*Stanlake v. Serafani*, Docket No. 65920.

 

an unjust decision." *Wood v. State,* 60 Nev. 139, 141, 104 P.2d 187, 188 (1940). In this case, the remittitur was regularly issued, and appellants have not demonstrated a basis on which the remittitur should be recalled. The motion is therefore denied.

_____, J.
Saitta

I concur:

_____ J.
Parraguirre

PICKERING, J., concurring:

I concur in the result but would do so by order denying the motion to recall the remittitur as legally insufficient.

_____Pickering_____, J.
Pickering